Hoskins *v.* Holmes County Community Hospital *et al.*[*]

(Division B.   April 7, 1924.)

[99 So. 570.   No. 23812.]

Wills.   *All "interested parties," or those whose interest detrimentally affected by will, necessary parties to will contest; heirs at law who would take property but for will, interested parties; where contestants rely on prior will, all beneficiaries therein interested parties; all beneficiaries in intermediate wills necessary parties in will contest.*

> Under sections 1662 and 1663, Hemingway's Code (sections 1997 and 1998, Code of 1906), all parties interested in the will, or whose interest is detrimentally affected by the will, are necessary parties. The heirs at law of the testator who would take the property but for the will are interested parties. Where the contestants rely upon a prior will for their interest in the property of the decedent, all beneficiaries in such will are interested parties, and if there are intermediate wills those who are beneficially interested should be brought into court as parties complainant or defendant. There should be but one contest of a will, and therefore all interested parties should be before the court.

---

*Headnote 1.   Wills, 40 Cyc, pp. 1261, 1262.

Appeal from chancery court of Holmes county.
Hon. T. P. Guyton, Chancellor.

*Caveat* by the Holmes County Community Hospital and others against Mollie W. Hoskins, opposing probate of will of Signora Allen, deceased. From the judgment rendered, said Mollie W. Hoskins appeals. Reversed and remanded.

*R. H. & J. H. Thompson* and *Fulton Thompson,* for appellant.

It is shown by all authorities that in a suit contesting a will all parties having an interest under the contested

will should be made and are necessary parties, unless they be so numerous as to render it impracticable to make all of them parties, and in that case some representatives of each class of the interested parties must be brought before the court. In this case the parties to whom specific legacies were given by the alleged unprobated previous will, upon which contestants base their asserted right, were not parties to the suit, nor could they have been made parties by the contestee, Miss Hoskins. If two or more wills can be contested in the same suit, it will necessarily follow in many instances that necessary parties to some of the contests will not be before the court and cannot be brought into the case by one or the other of the litigants. This warrants the conclusion, we submit, that when a contestant of a will bases his right to make the contest upon an alleged previous will, he will not be allowed to proceed until he shall have had the previous will duly probated and judicially decreed to be the last will and testament of the testator.

In this case the heirs of the testatrix are not made parties to this suit. The administration of a decedent's estate is in its nature a proceeding *in rem* and non-residents can be made parties by publication; this is especially true where, as in this case, real estate is involved. The reason of the rule stated is this: The courts should never be required to entertain two or more suits contesting the same will.

If two or more contests of the same will were allowed, one of them might result in overthrowing the will and the other in establishing it; contradictory and absurd results. Our statute, Code 1906, section 1998, requires all interested persons to be parties to one contest. The contestants in the case at bar have unwarrantedly assumed that the unprobated will upon which they base their right to consent proves itself and is not subject to contest and cannot be controverted. It was not permissible for the contestee to make Miss Allen's heirs parties to the suit. Some questions are so fundamental in every case

that the courts themselves are under duty to notice them, even when the litigants fail to call attention to them; and in cases contesting wills the matter of proper parties is fundamental and the trial courts should of their own motion, see that all necessary parties are before the court; this is true, as we submit, of appellate courts, as well as of courts of original jurisdiction.

*The effect of the final decree of the chancery court if unreversed.*

If the decree of the chancery court shall be affirmed it will be, as between the parties before the court, we fear, *res adjudicata* of the validity of the unprobated will under which contestants claim their asserted right in this case. If this be true, peculiar results will follow. In any proceeding to probate will number "One," under which contestants claim, in the court of the District of Columbia, the courts of this state will be held to have injected themselves into the case there pending, if one be now pending, and to have decided the question there at issue, and that too without any effort having been made to probate said will (number "One") in this state and without having acquired jurisdiction of the persons of necessary parties to a contest of that will. Orderly judicial procedure evades such results.

*Boothe & Pepper* and *Teat & Odom,* for appellees.

I. In Thompson on Wills, par. 518, it is stated as a general rule of law that: "The right to contest a will exists in behalf of the heirs at law, a surviving spouse, legatees and devisees, beneficiaries under a trust, claimants under a prior will and claimants under a subsequent will." To the same effect see Remsen on Preparation and Contest of Wills, page 373; 28 R. C. L. par. 390, under Wills; 40 Cyc. 1241, 1243; *Kostelecky* v. *Scherhart, et al.,* 68 N. W. 591; *In Re Langley's Estate,* 73 Pac. 824; *Egbert* v. *Egbert,* 217 S. W. 365; *Crowell et al.*

v. *Davis,* 123 N. E. 611; *In Re Wynn's Estate* (Mich.), 159 N. W. 492; *Ruth* v. *Krone* (Cal.), 103 Pac. 960.

II. It is contended on this appeal for the first time that the proper parties to this suit were not in court. This is urged as a reason why this case should be reversed. It seems to me that a complete answer to this proposition is that it was as much incumbent upon the appellant to bring the necessary parties in court as it was upon the contestants. That the statute required such necessary parties to be brought into court does not place the duty alone upon the contestants, and since neither of the parties herein raised this point in the lower court, it is now too late to complain. Besides the appellant has not shown wherein she would be prejudiced on account of the failure to bring in other parties for the reason that the will under which she claims has been held null and void.

*Noel & Neilson* and *Ruff & Thompson,* for appellant in reply.

Contestants, appellees here, failed to make all persons interested in the will contest, parties, including Mrs. Olivia Bertron, devisee in the two wills executed by Miss Allen in September, 1922, and the heirs of Miss Allen, and the other parties claiming with them under the will of October 12, 1922. Code of 1906, section 1823. Only the plaintiff in an action, or complainant, can make parties defendant. Defendants can neither by cross-bill, nor otherwise, bring additional parties into any suit. *Weis* v. *Aaron,* 75 Miss. 138; *Ladner* v. *Ogden,* 31 Miss. 332.

Argued orally by *R. H. Thompson* and *E. F. Noel,* for appellant, and *A. M. Pepper* and *H. T. Odom,* for appellees.

Etheridge, J., delivered the opinion of the court.

On the 9th day of December, 1922, Miss Signora Allen departed this life at Lexington, Holmes county, Miss.

On the 11th day of December, 1922, the appellant, Miss
Mollie W. Hoskins, filed a petition in the chancery court
of Holmes county, alleging that Signora Allen, late of
Holmes county, Miss., departed this life leaving a last
will and testament, duly signed, published, and attested,
which she, in pursuance of the statute, herewith presents
for probate. She alleged further that Signora Allen
had her fixed place of residence in Lexington, Holmes
county, Miss., and that her said will is subscribed by
E. W. Pickens and J. M. Roach as witnesses to the sig-
nature and publication thereof; that the testatrix in said
last will and testament nominated the petitioner as the
executrix of said will without bond; and that said execu-
trix was seized of real estate and that petitioner be-
lieves that said testatrix at the time of her death was
the owner of personal property consisting of securities,
money, and jewelry in the safety deposit vaults in the
District National Bank of Washington, D. C., of the
value of about five thousand dollars of which the testa-
trix had been unable to obtain or see for about one year
prior to her death, although she had been diligent in
her efforts to obtain possession of same since August,
1922. It is further alleged that the petitioner was de-
sirous of meeting and fulfilling the wishes of the testa-
trix, and desiring that said property may be collected
and preserved and that said will may be executed ac-
cording to the requests of said testatrix, and according
to the intent and purpose of said will, and that she is
willing to undertake the office and trust confided in her
and that she is in no way disqualified under the law from
serving as executrix, presented with her petition the said
alleged will which is in the following words:

"I, Signora Allen, of Lexington, Mississippi, hereby
make and declare this to be my last will and testament,
and hereby revoke any will I may have heretofore made.
I give and bequeath my whole estate both personal and
real as follows:

"1. I give and bequeath the whole of my estate real and personal to Miss M. W. Hoskins who has been my best friend and who is looking after me during my illness; and I constitute her my executor without bond and waive her making any settlements or returns to court.

"Witness my signature this the 7th day of November, 1922.

"Signora Allen.

"We certify that the foregoing will was published, declared and signed by Miss Signora Allen in our presence, and that we, at the request of said Miss Signora Allen and in her presence and in the presence of each other signed our names as subscribing witnesses thereto.

"J. Monroe Roach.
"E. W. Pickens."

J. Monroe Roach made the following affidavit as subscribing witness:

"In the matter of a certain instrument of writing purporting to be the last will and testament of Signora Allen, deceased:

"Be it remembered that in vacation of the chancery court of Holmes county, Mississippi, before the undersigned authority, an officer authorized to administer oaths, in and for said county and state, on the 11th day of December, 1922, personally appeared J. M. Roach, one of the subscribing witnesses to a certain instrument of writing purporting to be the last will and testament of Signora Allen, deceased, late of Holmes county, Mississippi, who being by me duly sworn, states upon his oath that the said Signora Allen signed, published and declared said instrument of writing as and to be her last will and testament on the 7th day of November, 1922, the day of the date thereof, in the presence of deponent and E. W. Pickens, the other subscribing witness thereto, and that the said Signora Allen was then of sound and disposing mind and memory and more than twenty-one years of age, and that this deponent and the other subscribing witness thereto, E. W. Pickens, sub-

scribed and attested said instrument of writing as witnesses thereto to the signature and publication thereof and at the special instance and request of said testatrix and in the presence of each other and in the presence of said testatrix on the day and year of the date thereof.

"J. Monroe Roach.

"Sworn to and subscribed before me this 11th day of November, A. D. 1922.

"Noel White, Chancery Clerk."·

The will was thereupon admitted to probate under the said affidavit and a decree entered by the chancery clerk adjudging that the writing be admitted to probate as the true and last will and testament of said Signora Allen, deceased, and that letters testamentary do issue to Mollie W. Hoskins, she having taken the oath prescribed by statute and that the said executrix be not required to enter into any bond. Letters testamentary were accordingly issued. On the 6th day of February, 1923, the appellee, Holmes County Community Hospital, filed a *caveat* objecting and protesting against the admission of said will to probate. Upon this *caveat* issue in short was joined by consent on each of the allegations set forth. The *caveat* recited three grounds:

"1. That said instrument purporting to be the last will and testament of said Miss Signora Allen, deceased, is not her last will and testament, and was procured to be signed and executed, if in fact signed and executed, by the undue and improper influence of the said Miss Mollie W. Hoskins, proponent, and E. F. Noel, her attorney, and other persons to these objectors and protestants unknown.

"2. That at the time of the execution of said instrument the said Miss Signora Allen, deceased, was of unsound mind and legally incapable of executing an instrument as her last will and testament.

"3. And for other reasons to be assigned on the hearing hereof."

And prayed for process for Miss Mollie W. Hoskins, returnable at the May term of the chancery court of Holmes county, and that issue *devisavit vel non* be made up and tried as provided by law. This petition was answered by Mollie W. Hoskins, denying the allegations of the said *caveat,* and among other things denying the right of the appellee to contest the said will for want of authority under its charter to acquire the property of the testatrix by will.

The appellee was chartered by the state of Mississippi on the 9th day of October, 1916, and is a noncapital stock corporation. Paragraphs 7 and 8 of the charter read as follows:

"7. The purpose for which it is created, to organize and operate a community hospital, to receive by donation or purchase all necessary real and personal property and hold the same for the use of said hospital, and to do and perform all things necessary and incidental to the proper management and operation of a hospital, the income thereof to be used towards meeting the expense thereof, and increasing the facilities of the same.

"The incorporators hereof by and with the advice of the officers of each of the religious organizations of Lexington, Mississippi, are to appoint a board of directors for said hospital, not to exceed two from each religious organization, the terms of office of said directors and by-laws to be adopted by said directors when appointed.

"8. The rights and powers that may be exercised by this corporation are those conferred by the provisions of chapter 24, Mississippi Code 1906."

The contestant filed with its application for contest an alleged prior will dated the 12th day of October, 1920, witnessed by M. Le Roy Goff and Wharton E. Lester, both of Washington, D. C., in which instrument there was provision for a monument to be erected in the cemetery located near Lexington, Miss., and a provision to the Bank of Lexington in trust for certain purposes, in keeping the cemetery, etc., in condition, and in beautifying the

cemetery lot. By paragraph 3 of this instrument it is provided:

"3. I hereby give and devise to the Holmes County Community Hospital, at Lexington, Holmes county, Mississippi, its trustees and successors forever, lots numbered 202, 203 and 204, in the city of Lexington, Holmes county, Mississippi, and commonly known as the 'Signora Allen residential lots,' with the improvements and appurtenances thereto and thereupon for the purpose of erecting thereon a hospital building for general hospital purposes, as a memorial to my father, the late H. S. Allen, and my late mother, M. E. Allen, provided there is affixed and maintained upon the main building now on said residential lots or which may hereafter be erected to replace the said main building, a brass name plate bearing the inscription 'In Memoriam to H. S. Allen and M. E. Allen.'

"It is my desire that there shall always be kept a pretty picket fence around the front yard of said hospital site, said fence to be painted in the same style as it has been for the past twenty years; that the division fence between the front and back yard be kept up in a solid and substantial manner, and that no stock of any kind be allowed to be kept in the front yard; that the shrubbery, hedges, all evergreens, and trees be left as they are; I further desire that my late father's picture and my late mother's picture be kept hung in the front hall of the main building and a picture of my late brother be kept hung in the cottage on said lots hereinbefore devised."

There are three bequests to the Holmes County Community Hospital in paragraphs 4, 5, and 6 of this instrument. In paragraph 7 a fifty dollar Liberty bond was bequeathed to Katie Cunningham of Chicago, Ill. By paragraph 8 a fifty dollar Liberty bond was bequeathed to A. H. Coster of Chattanooga, Tenn. By paragraph 9 there were bequeathed to Mamie Johnson, a colored nurse, four fifty dollar Liberty bonds and one hundred

fifty dollars in cash. By paragraph 10 there was a bequest to Marion Temple of Athol, Mass., of one hundred dollars in cash. By paragraph 11 a bequest was made to Mrs. N. T. Brigham of Elm Grove, Mass., of cut glass, fancy dishes, table linen, sheets, contents of her trunk at the time of her death, and an oil painting. By paragraph 12, a bequest to Gertrude Call of Athol, Mass., of a certain painting. By paragraph 13, a bequest to the Old Ladies' Home at Jackson, Miss., of certain clothing. By paragraph 14, a bequest to the Soldiers' Home at Beauvoir, Miss., of certain clothing. By paragraph 15, a bequest to Henry Herbert Paul of one hundred dollars. By paragraph 16 the executors of the will were directed to sell certain shares of stock in a corporation, and out of the proceeds a bequest of four hundred dollars to Marie Burgey, with direction to invest the remainder, if any, in stock of the Bank of Lexington, and to deliver same to the trustees named in paragraph 2 of the will. Paragraph 17 made a bequest to H. W. Watson and the Holmes County Community Hospital, in equal parts, of all mining stock of which the testatrix died seized. Paragraph 18 was a direction to the executor to sell all stock other than that of the Bank of Lexington, Miss., and to reinvest the proceeds in the stock of the Bank of Lexington to be delivered to the trustees named in paragraph 2 of said will. By paragraph 19, all the rest, residue, and remainder of the estate, real, personal and mixed, was bequeathed to the Holmes County Community Hospital, its trustees and successors forever. Paragraph 20 named Nina I. Thomas of Washington, D. C., the executor of said will.

A codicil was attached to this will dated June 7, 1921, witnessed by G. M. Brumbaugh, M. D., and by Marie K. Meliot, both of Washington, D. C. In this codicil Stephen L. Burwell and Harry W. Watson were named as trustees in paragraph 2 of the will instead of the Bank of Lexington. And Bestor R. Walters of Washington, D. C., was named as the executor instead of Nina I. Thomas.

By paragraph 3 of the codicil paragraphs 16 and 18 of the will were modified in favor of the Holmes County Community Hospital. By paragraph 4 of the codicil a bequest was made to Marie Burgey in lieu of any compensation for services rendered the testatrix, of those articles of personal property specified in a written memorandum signed by the testatrix and to be found in her safe deposit box in the vaults of the District National Bank of Washington, D. C., and in addition to the four hundred dollars bequeathed to Marie Burgey in paragraph 16 of the will.

A second codicil, which seems to be undated and unwitnessed, provided that it was the desire of the testatrix that Harry Watson and Stephen Burwell manage the hospital business in a way most advantageous to the town of Lexington, and that all business be referred to. Hon. E. F. Noel, an attorney of Lexington, Miss., and that Miss Hoskins was not to be disturbed in her rent or any charge made for the same for the year; that Miss Hoskins, Mrs. Henrich, and Miss Bertron were to see to the disposition of things in the cottage, they to have a year in which to go over the things and not hurriedly.

The original petition for contest was amended in May 28, 1923, by joining as parties thereto Stephen L. Burwell and Harry W. Watson, and Bestor R. Walters, the said Walters being the executor in the said instrument of writing alleged to be the last will of Signora Allen, deceased, relied upon by the appellees, and by filing a certified copy of an alleged last will which had been filed and presented for probate in the supreme court of the District of Columbia, and that said original petition be amended by striking the word "probated" therefrom and inserting in lieu thereof the words "filed for probate," which amendment was allowed.

It appears, further, in the evidence that after Signora Allen, the deceased, was moved from Washington, D. C., to Lexington, Miss., she made or attempted to make two other wills, at different dates, and witnessed by differ-

ent witnesses, but containing the same disposition of property in favor of Miss Mollie Hoskins, the appellant, and Miss Olivia Bertron.

It appears from the will filed with the contestant's pleadings, and under which the contestant claims the right to contest, that numerous persons mentioned in the said will had an interest in the property, provided that will should prove to be a valid will, and none of these parties, other than the executor and ones above named, were made parties to the contest. The contestant's pleadings do not allege who the heirs at law of Miss Signora Allen are, and they are not made parties to the contest, and neither is Miss Bertron, one of the beneficiaries in the wills made or attempted to be made between the will filed and probated by the clerk, and the will relied upon by the contestants for their interest, made a party to the proceeding.

By section 1662, Hemingway's Code (section 1997, Code of 1906), it is provided:

"Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up and tried as other issues to determine whether the writing produced be the will of the testator or not; but if some person do not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities; but in case of concealed fraud the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered."

By section 1663, Hemingway's Code (section 1998, Code of 1906), it is provided:

"In any proceeding to contest the validity of a will all persons interested in such contest shall be made parties."

The words "interested parties" in the statute mean parties who have a pecuniary interest in the subject of the contest, and under all of the authorities the heirs at law who would take the property of the deceased in the absence of a valid will are interested parties and are necessary parties under the very terms of the statute itself. The court cannot properly entertain a contest of the will without having before it all the parties interested in such contest.

In *Marx* v. *Hale,* 119 Miss. 410, 81 So. 119, in a case brought to construe a will, the court held that under a provision of the will the testator directed that a named person who took of his estate equally with the testator's brothers and sisters, "he and they are to have my estate," that the brothers and sisters of the testator, if living, and their heirs, if dead, are necessary parties to any suit affecting the disposition of the property under such will, and reversed and remanded the case for the bringing of such parties before the court, before the court would undertake to construe the will.

In *Selden* v. *Illinois Trust & Savings Bank,* 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180, it was held that the words "any person interested," in the statute designating who may contest a will, mean those who have a direct pecuniary interest existing at the time of the probate of the will and detrimentally affected thereby. Appended to the American State Report is a case note dealing fully with the subject. See, also, L. R. A. 1918A, 447, and case note.

In the case of *Kelly* v. *Davis,* 37 Miss. 76, this court held that it was not the imperative duty of the executor to defend the will. If he do so successfully, he may be credited with the expenses thereof; but, if unsuccessfully, it must be at his own cost. Under this decision an executor is not a necessary party, and the decision holds that his duty is to notify the beneficiaries under the will that they may take appropriate action to protect their interests.

We do not deem it advisable to undertake to pass on the questions presented other than the point made that the proper parties were not before the court. Whether the appellee, the Holmes County Community Hospital, took under its charter power property by will, and whether or not it is a religious corporation, are questions upon which interested parties other than those before the court might have something to say, and we think it was error to proceed in the court below without having all the parties interested before the court. There ought to be only one contest of a will, and, if the parties are not before the court when a will is being contested, of course their rights could not be affected by such contest.

For the failure to have the proper parties before the court the judgment will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*