PROVENZA *et al. v.* PROVENZA.

(Division A.    March 17, 1947.)

[29 So. (2d) 669.    No. 36308.]

**Ernest Kellner** and **Ben Wilkes,** both of Greenville, for appellants.

Farish & Keady, of Greenville, for appellee.

Argued orally by **Ernest Kellner**, for appellants, and by **William Keady**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellants, Vincent and Tony Provenza, residents of Greenville and Benoit, Mississippi, respectively, filed a contest of the will of their brother, Frank Provenza, deceased, in Washington County. The trial resulted in

a directed verdict and decree, sustaining the will, after the introduction of certain evidence by the contestants, whereby they undertook to show that the execution of the will was obtained through undue influence, and that there was a want of testamentary capacity.

The defendants, or respondents, to the contest were the appellee, Edward Provenza, a resident of Washington County, and the mother, two brothers and a sister of the deceased, who reside in Italy. It was shown that the said Frank Provenza executed the will on August 4, 1941, and that he died on September 26, 1943; that he left an estate of the estimated value of $80,000, which was all devised to the appellee, Edward Provenza, with the exception of that which was devised to his mother, two brothers and a sister, residing in Italy as aforesaid, consisting of $12,500 in cash to be divided among them equally, and the sum of $30 per month to each of them during the lifetime of each of the said beneficiaries.

The contest was filed on September 29, 1945, within the two-year period allowed by law, and an answer was filed on behalf of the appellee, Edward Provenza, and the foreign defendants, denying the allegations of the contest as to undue influence and want of testamentary capacity, and it appears that on March 13, 1946, an order was entered by the court, setting the cause for trial by agreement of the parties on March 21, 1946, and providing for summoning a jury to hear the contest on that date.

When the cause came on for trial, it appears that the attorneys who had filed the answer made a motion to be allowed to withdraw the same as to all persons named therein, except the appellee, Edward Provenza, and that this motion was sustained. Whereupon the contestants moved the court, "to continue this cause for the reason that the defendants . . ., citizens of Cefalu, Italy, having withdrawn their answer in this cause upon the foregoing motion and order—and said defendants not having been made parties hereto by service of process on them, or by publication of process against them, and for

the further reason that said defendants are necessary parties to a trial of this cause . . . '' This motion for a continuance was overruled, and the action of the trial court in that behalf is assigned as one of the several grounds relied upon for a reversal of the cause.

Section 506, Code 1942, provides that, ''In any proceeding to contest the validity of a will, all persons interested in such contests shall be made parties.'' And it was held in the case of Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570, 573, that the words, ''interested parties,'' in the statute, are deemed to mean parties who have a pecuniary interest in the subject of the contest, and that the heirs at law who would take the property of the deceased in the absence of a valid will are interested parties, and also that they are necessary parties under the very terms of the statute itself. It was further held, in that case, that ''the court cannot properly entertain a contest of the will without having before it all the parties interested in such contest.''

However, this does not mean that after an answer has been filed to the contest, and where the court has acquired jurisdiction of the subject matter, and of all the interested parties, either as complainants or defendants, the jurisdiction is lost by the withdrawal of answer filed on behalf of any of such defendants, where the filing of such answer has been duly authorized by them. Moreover, the presumption is that the attorneys, who are officers of the court, filing such an answer, have been duly authorized to do so. In the instant case there is no proof in the record to the contrary. Therefore, after the filing of such an answer, the trial court is entitled to proceed the same as if the defendants named therein have been duly served with process.

We are unable to consider any statements found in the briefs of counsel as to the want of authority on the part of the attorneys who filed the same, but we must look to the record alone, as filed in this court, in determining whether or not all the interested parties were before the

trial court. We are, therefore, of the opinion that the trial court did not commit error in proceeding with the trial.

It appears from the proof on the contest that Edward Provenza, the chief beneficiary under the will, was the son of Genie Rawls, a white "colored" person; that he was born in 1923, some eighteen or nineteen years before the will was executed; that the instrument was prepared by an attorney, who is named as the executor therein, and that neither Genie Rawls nor Edward Provenza were present, either at the time the same was prepared, or at the time the same was executed; and the proof fails to show that either of them knew that he had executed the will until they learned of such fact after the death of the testator.

It was recited in the will that: "My relatives in this country have never been friendly with me, and the fact that none of them is mentioned in this will is deliberate on my part, and not through any oversight. It is my wish that none of them have any part in what I leave."

The proof further disclosed that for several years prior to the death of the testator, the said Edward Provenza was frequently seen working about the store and fruit stand of the testator; that the latter recognized him as being his son, was very fond of him, and kept his photographs in the store while he was in the army, subsequent to the execution of the will; and it does not appear when he first began bearing the name of Provenza.

As against the foregoing proof, the contestants relied upon the theory that the mother of Edward Provenza had, by undue influence and persuasion, fraudulently induced the testator to erroneously believe that Edward Provenza was his child. Then, too, the contestants offered proof, which was rejected by the trial court, tending to show that Edward Provenza was very probably the child of one Mr. Wilson. But we are of the opinion that this proffered testimony would have been wholly immaterial, since the testator had the legal right to will his property

to the boy, even under a mistaken belief that he was his child, or for any other reason satisfactory to him, since he had no wife to renounce the same.

There was some proof on behalf of the contestants to the effect that several years prior to the execution of the will the testator thought that he was "hoo dooed" by Genie Rawls, and that he was at that time afraid of her.

There being no proof that Genie Rawls actually attempted to deceive the testator as to the parentage of her son, or that the latter influenced him at all in the making of the will, we are of the opinion that the action of the trial court was correct when it held that the proof of undue influence was insufficient to submit to a jury. For aught that appears from this record, the testator formed his own conclusion and judgment as to the parentage of Edward Provenza, if indeed it makes any difference who was his father.

The proof was also wholly insufficient to justify the submission to the jury of an issue as to any want of testamentary capacity.

We have carefully considered the other assignments of error relied upon here, and we are of the opinion that, in view of the conclusions reached on the questions hereinbefore mentioned, they do not justify a reversal of this cause.

Affirmed.