*Roberds, P. J.,* and *Hall, Lee* and *Gillespie, JJ.,* concur.

## LEE *v.* STATE.

March 8, 1954

No. 39082 56 Adv. S. 32 70 So. 2d 609

*R. H. Dale, Kelly J. Hammond,* Columbia, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

HOLMES, J.

The appellant was convicted in the Circuit Court of Marion County of assault and battery with intent to kill and murder Hattie Lee Barnes, and was sentenced to imprisonment for ten years in the state penitentiary. He prosecutes this appeal from the judgment of conviction.

A statement of the facts bearing upon the guilt or innocence of the appellant is unnecessary. It is sufficient to say that the only proof in the case was that introduced on the part of the state and that this proof clearly established the appellant's guilt.

It is argued on this appeal, however, that the judgment of conviction should be reversed, first, because the trial court erred in overruling appellant's motion for a continuance, and, second, because the appellant's motion for a new trial should have been sustained upon the ground that he was denied a fair and impartial trial because of the prejudice of the trial judge, which, appellant says, is indicated by certain statements which are ascribed to the judge in the brief of appellant's counsel filed on this appeal.

Appellant's motion for a continuance was based upon the absence of witnesses. The record discloses that process for the witnesses was not directed to be issued until the second Monday of the term on which the case had been called and set for trial for the following Wednesday. The record further shows that although the witnesses were not then located and served, they had long been residents of Marion County and were in the County when court convened for the term, and could have been readily located and served with process and their presence procured at the trial if process for them had been timely requested by the appellant. This Court held in the case of Parker v. State, 201 Miss. 579, 29 So. 2d 910, that the trial judge has a broad discretion in granting and refusing continuances, and we have repeatedly held that the trial judge will not be reversed for refusing a continuance unless it appears that he has clearly abused his discretion. We are unable to say that the trial judge abused his discretion in denying the appellant's application for a continuance under the facts of this case and we are, therefore, of the opinion that his action in so doing constitutes no ground for reversal.

 The appellant's contention that he was denied a fair and impartial trial because of the prejudice of the trial judge is based entirely upon certain statements ascribed to the judge in the brief of appellant's counsel. The statements referred to are no part of the record in this cause and, therefore, cannot be considered on this appeal. We have consistently held that a case appealed to this Court must be tried solely on the record made in the trial court and that statements found in the briefs of counsel cannot be considered if not a part of the record made in the trial court. Superior Oil Company v. Smith, 200 Miss. 782, 29 So. 2d 114; Provenza v. Provenza, 201 Miss. 836, 29 So. 2d 669; State v. Cummings, 201 Miss. 583, 35 So. 2d 636.

We are accordingly of the opinion that the judgment of the court below should be, and it is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Gillespie, JJ.,* concur.