493 So.2d 950 (1986)
In the MATTER OF the ESTATE of John Walden FLOWERS, Deceased.
Dorothy Nell CAMPBELL, a/k/a Dorothy Mae Campbell
v.
Marian GREGORY, et al.
No. 56185.
Supreme Court of Mississippi.
August 27, 1986.
Everett T. Sanders, Patricia F. Dunmore, Sanders, Blackmon & Dunmore, Natchez, for appellant.
No brief filed for appellee.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
*951 ANDERSON, Justice, for the Court:
John Walden Flowers, an adult resident of Washington County, Mississippi, died intestate on November 5, 1981. On December 8 of that year, William Deshazer filed his petition for letters of administration with the Chancery Court of Washington County. The petition represented that Madeira Tillman, the decedent's sister (actually his half-sister) was the only heir. On December 11, the court appointed Deshazer administrator of Flowers' estate and granted him letters of administration.
As prescribed by statute, notice to Flowers' creditors was published in a newspaper having general circulation in the county, the Delta Democrat Times. The publication was begun on December 17, 1981.
On April 14, 1982, Dorothy Nell Campbell, a natural daughter of decedent residing in California, filed a petition alleging her own heirship and asking that Deshazer be removed as administrator, to be replaced by her. The petition further alleged that Deshazer had committed a fraud upon the court. Madeira Tillman answered and filed a plea in bar to Campbell's claim.
The cause was heard by the Chancellor, whereupon Campbell argued that the notice provisions of Mississippi Code Annotated, Section 91-1-15 (3) (1982), the statute alleged to bar her claim, were unconstitutional on due process and equal protection grounds. At the close of argument, the chancellor ruled that the statute was constitutional and that Campbell's claim was consequently barred by the clause of that statute which holds that "no ... claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one year of the death of the intestate or written ninety days after the first publication of notice creditors ... whichever is the less... . (Emphasis added).
On appeal, Mrs. Campbell argues that by tying the rights of potential heirs to a comparatively unrelated event  the publication of the notice to creditors  the statute has violated her due process right to notice and hearing under the Fourteenth Amendment. She further argues that our statutory scheme of descent and distribution violates the equal protection clause of the Fourteenth Amendment by making impermissible distinctions between legitimate and illegitimate heirs.
These are constitutional issues of considerable gravity. This case, however, is not a suitable vehicle for resolving them. In perusing the record of these proceedings, we discover that we are compelled to reverse because of an infirmity not assigned as error, but sufficiently glaring for us to notice it under Miss.Sup.Ct. Rule 6(b).
Deshazer's petition for letters of administration lists Madeira Tillman as the only heir of John Walden Flowers. During direct examination of Deshazer, the following exchange occurred in open court.
"Q. Didn't it come to your attention that Mrs. Campbell was Mr. Flowers' daughter?"
A. Yes."
Obviously, the law cannot require an administrator to conduct extensive genealogical research, but where, as here, he has actual knowledge that another person with a claim to heirship exists, the situation is very different. By failing to disclose Mrs. Campbell's existence to the court, Deshazer made a serious misrepresentation.
Whether or not the misrepresentation amounted to a fraud on the court is a question of fact unsuitable for resolution here. The chancellor's decree should be vacated, and the cause remanded for determination of the nature and effect of Deshazer's transgression. If, on remand, the chancellor finds that Deshazer's action did constitute fraud, he may, in his discretion, remove Deshazer as administrator. Stribling v. Washington, 204 Miss. 529, 537, 37 So.2d 759, 760 (1948). If such is his decision, then Deshazer's actions as administrator, including the publication of notice, will *952 be annulled, and Mrs. Campbell's heirship petition cannot be barred by them.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and GRIFFIN, JJ., concur.