# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-01567-SCT

*IN THE MATTER OF THE LAST WILL AND TESTAMENT OF ROSIA LEE WINDING, DECEASED: BOBBIE WINDING WILLIAMS, PEGGY WINDING, THOMAS E. WINDING, ALICE P. FIELDS, VONNIE J. ALEXANDER, GEORGE L. WINDING, FRANKIE J. WINDING, ROSA WINDING AND DONALD A. WINDING*

*v.*

*THE ESTATE OF ROSIA LEE WINDING, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/30/1999 |
| TRIAL JUDGE: | HON. W. HOLLIS McGEHEE, II |
| COURT FROM WHICH APPEALED: | AMITE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | CHARLES E. MILLER |
| ATTORNEY FOR APPELLEE: | EARL WAYNE SMITH |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | AFFIRMED - 4/19/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/10/2001 |

**BEFORE PITTMAN, C.J., COBB AND DIAZ, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. Bobbie Winding Williams, et al. ("Williams") filed a Petition for Will Contest in the Amite County Chancery Court seeking to set aside the probated will of Rosia Lee Winding. Williams claims that she was inadvertently omitted from Mrs. Winding's will and should be allowed to collect from the estate as an heir at law. In addition, Williams claims that she was intentionally misled concerning the probate process in order to keep her and the other heirs at law from receiving their rightful shares.

¶2. On July 20, 1999, the Estate of Rosia Lee Winding ("Winding") filed a motion to dismiss for failure to timely file a will contest per Miss. Code Ann. § 91-7-23 (1994) which establishes a two-year statute of limitations on such actions. After a hearing on the matter, the chancellor granted the motion and dismissed the will contest. Williams subsequently filed a timely appeal alleging that the chancellor erred in dismissing the will contest of pretermitted heirs in finding that the two-year statute of limitations had run when the heirs had no notice and had not been joined in the probate of the will.

## FACTS

¶3. Rosia Lee Winding died on December 20, 1994. Although the original will was not found, a copy dated March 21, 1991, was offered for probate under common form on September 26, 1995. A decree admitting the will was entered on October 20, 1995, and Rowanner Allen, daughter of the decedent, was appointed executrix of the estate. In addition, the 90 day notice to creditors was given and duly filed. Under the admitted will, Bobby Winding, father of Williams and eldest son of Rosia Lee Winding whom he predeceased, was not included among the named heirs to the estate.

¶4. During the notice period, Williams alleges that she approached both the executrix and Wayne Smith, attorney for the estate, to inquire as to her status under the probated will. At these alleged meetings, Williams claims that she was told not to worry because there was no objection to her and her siblings receiving a share of the estate. Williams further contends that Rosia Lee and Bobby Winding had an extremely close and loving relationship and that Rosia Lee would never intentionally exclude Bobby Winding's children from the estate. Winding refutes these allegations and asserts that, at no time, was a share of the estate offered or promised to Williams. In addition, Wayne Smith advised Williams to consult an attorney regarding her legal rights.

¶5. Upon petition to close the estate on February 18, 1999, Williams filed two motions to confirm heirs as well as an additional, amended motion to confirm heirs, all of which were subsequently dismissed. Finally, on July 8, 1999, Williams filed a proper petition for will contest. Winding answered with a M.R.C.P. 12(b)(6) motion to dismiss. After an extensive review and a hearing on the matter, the chancellor granted the motion, and the petition for will contest was dismissed for failure to file within the two-year statute of limitations. Williams now appeals that decision and asks the Court to allow the will contest to proceed.

## DISCUSSION

¶6. When reviewing a chancellor's ruling, this Court will not reverse that decision unless it is "manifestly wrong." *In re Estate of Mason v. Fort*, 616 So. 2d 322, 331 (Miss. 1993); *see also In re Estate of McClerkin*, 651 So. 2d 1052 (Miss. 1995). In essence, this Court will not overturn the chancellor's decision unless it is shown that he was clearly and overtly wrong in his logic.

### I. WHETHER THE LOWER COURT ERRED IN DISMISSING THE WILL CONTEST OF PRETERMITTED HEIRS FINDING THAT THE TWO-YEAR STATUTE OF LIMITATIONS HAD RUN WHEN HEIRS HAD NO NOTICE AND HAD NOT BEEN JOINED IN THE PROBATE OF THE WILL

¶7. Williams argues that as a pretermitted heir of a predeceased son, she should have received notice that the will was being probated and is entitled to a proportionate part of the Winding estate. Furthermore, Williams contends that the lack of notice as well as the "fraudulent" representations of the executrix and attorney for the estate toll the two-year statute of limitations. All of which, Williams asserts, makes dismissal of the petition for will contest inappropriate. On the contrary, Winding argues that it was not required to notify Williams nor were fraudulent representations ever made. Therefore, dismissal was wholly justified and statutorily mandated. The controversy hinges upon the meaning of Miss. Code Ann. § 91-7-23 (1994) which states:

> Any person interested may, at any time within two years, by petition or bill, contest the validity of the will probated without notice; and an issue shall be made up an tried as other issues to determine whether the writing produced be the will of the testator or not. If some person does not appear within two years to contest the will, the probate shall be final and forever binding, saving to infants and persons of unsound mind the period of two years to contest the will after the removal of their respective disabilities. In case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered.

¶8. Williams's first contention is that she is an "interested party" within the meaning of the statute since she is

an heir at law and would have inherited under intestate succession. "[T]he heirs at law who would take the property of the deceased in the absence of a valid will are interested parties and are necessary parties . . ." *Hoskins v. Holmes County Community Hosp.*, 135 Miss. 89, 99 So. 570, 573 (1924). An earlier version of the will included Bobby Winding, Williams's father. This Court has held that parties to an earlier will are necessary parties to a later will contest. *Estate of Schneider*, 585 So. 2d 1275 (Miss. 1991). Thus, in the event of a will contest, Williams's inclusion would be mandatory. However, the present situation does not concern Williams being excluded from a proper will contest; the issue is whether the will contest was proper and timely filed.

¶9. Williams further contends that Winding had an affirmative duty to notify her, as an interested and necessary party, of the existing probated will as well as any changes occurring with the estate, such as the sale of timber. Williams states that "an executor's duty is the same as an administrator's" and theorizes that since administrators of intestate estates are required "to disclose to the court the existence of known potential heirs and claimants," an executrix of a will is also required to reveal possible heirs. In *Smith ex rel. Young v. Estate of King*, 579 So. 2d 1250, 1251 (Miss. 1991). As such, the filing of an affidavit of diligent search excluding Williams and the other heirs at law was tantamount to fraud. Furthermore, Williams cites several cases as support for the idea that her presence is "indispensable." *Schneider*, 585 So. 2d at 1277; *Garrett v. Bohannon*, 621 So. 2d 935 (Miss. 1993). If her presence is indispensable, then she should have received notice of the probate. Therefore, since the process was flawed, Williams argues that she should be allowed to proceed with the will contest.

¶10. Williams's final argument is that the fraudulent acts of the executrix and the estate attorney toll the statute of limitations making the petition for a will contest timely. She avers that Winding led her to believe that her rights in the estate were being protected. Also, the lack of notice and "incomplete" affidavit of diligent search constitute concealed fraud. True, there exists case law to support the notion that fraudulent omission of a known heir justifies a delay in filing. *See, e.g., In re Estate of Flowers*, 493 So. 2d 950 (Miss. 1986). In addition, Miss. Code Ann. § 91-7-23 (1994) states that "[i]n case of concealed fraud, the limitation shall commence to run at, and not before, the time when such fraud shall be, or with reasonable diligence might have been, first known or discovered." Since Williams believed her rights were being safeguarded, she argues that the statute of limitations only began to run on or about February 18, 1999, when she discovered that the estate was being closed.

¶11. Winding's rebuttal, the proper legal theory, rests upon the idea that the present situation is a matter of basic, statutory law. Section 91-7-23 reads that "[i]f some person does not appear within two years to contest the will, the probate shall be final and forever binding . . ." Since the will was originally admitted to probate on October 23, 1995, and the petition for will contest was not filed until July 8, 1999, the will contest is barred and was properly dismissed.

¶12. Section 91-7-23 contains only two exceptions to the general rule. The first allows minors and persons of unsound mind to bring a will contest once their disabilities have been removed, even if the two years statute has run. The case at bar deals with neither a minor nor a person of unsound mind. Williams asserts that the second exception, however, is applicable. The case of *Wilson v. Wilson*, 166 Miss. 369, 146 So. 855 (1933) is factually similar to the case at bar. In that case, three sons relied upon their mother's assurance that each would receive his fair share of the father's estate as long as none contested the will which they all knew to be invalid. *Wilson*, 146 So. at 855-56. This Court ruled that the mother's actions did not constitute "concealed fraud" because the sons were always aware of the true facts that would have

voided the will. *Id.* at 856. In so ruling, the Court utilized the definition in 12 C.J. 375, "concealed fraud is a case of a designed fraud by which a party knowing to whom the right belongs, conceals the circumstances giving that right and by means of concealment enables himself to enter and hold." *Id.* at 856.

¶13. In the present case, Williams knew from almost the moment the will was offered for probate that neither she nor her father were included under the estate. Even assuming that the executrix and the estate attorney led Williams to believe her rights were being protected, a contention Winding vehemently denies, they never hid the probate from her. In fact, Williams was told that the winding up of estate matters was going to continue. Thus, Williams was aware, at all times, of her rights and the state of affairs. Therefore, it appears there was no concealed fraud, and the will contest was properly dismissed.

¶14. As for Williams's allegation that she was required to be notified of the probate proceedings, no such notice requirement exists. Since the will was admitted to probate in common form, the only duties were to notify the parties named in the will (as they take under the will) and give 90 day notice to creditors, both of which were done. Anyone else is not a party to a common form probate, unless they petition for will contest within the statutorily prescribed time limit. Miss. Code Ann. § 91-7-23 (1994). Williams did not. Also Williams's cited authorities involve will contests in which an interested party has been excluded, or were matters of intestate succession. The case at bar deals with neither. As such, Williams's notion of a notice requirement is meritless.

## CONCLUSION

¶15. This case is a matter of clear statutory language. Williams waited to contest a will that had been admitted to probate for nearly four years. She admits knowing of the probate proceedings and her absence as legatee for over three years. Even if she was misled to believe her rights were protected, we do not reward those who fail to protect themselves. "[E]quity aids the vigilant and not those who slumber on their rights."*In re Estate of Davis*, 510 So. 2d 798, 800 (Miss. 1987). The statute of limitations for a will contest has run. The chancellor did not err in dismissing the petition for a will contest. Therefore, the judgment of the Amite County Chancery Court is affirmed.

¶16. **AFFIRMED.**

> **PITTMAN, C.J., BANKS AND McRAE, P.JJ., SMITH, MILLS, WALLER AND EASLEY, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY.**