BRANTLEY, J.,
for the Court:
¶ 1. Cornelius and Sonja Parks (Parkses) filed a petition for a will contest in the Chancery Court of Clarke County asserting that they were the natural, illegitimate children of T. Edgar Mathis and requested that the last will and testament be declared void. Their request was denied based on a failure to timely file a claim of inheritance. On appeal, the Parkses argue that the statute of limitations had not run because the executor had knowledge of their existence and failed to personally notify them.
FACTS
¶ 2. T. Edgar Mathis died testate on January 19, 2000, having duly executed a last will and testament dated March 22, 1990. Proof of due execution of the will was proven by affidavits of subscribing witnesses. The will was offered for probate under common form. The Chancery Court of Clarke County, Mississippi entered an order admitting the will to probate and appointed Richard D. Mathis executor on May 15, 2000. Richard Mathis took the executor’s oath, and letters testamentary were issued by the clerk the same day. Richard Mathis executed and filed an affidavit stating that he had made diligent efforts to locate creditors and had found none on May 15, 2000. Notice to creditors was published in the county newspaper on May 18, 2000, May 25, 2000, and June 1, 2000. Ninety days after the first day of publication was August 16, 2000.
¶ 3. Pursuant to the terms of the will, the testator devised to two of his children, Doby G. Mathis and Sammie Mathis, a lot on Lake Eddins in Jasper County, Mississippi and all the rest residue and remainder of his estate to his wife, Iva House Mathis. Furthermore, his last will and testament stated that if, his wife, Iva Mathis, should predecease him, then his entire estate was devised and bequeathed to his five children. The wife, Iva House Mathis, survived the testator.
¶ 4. T. Edgar Mathis and Iva House Mathis were married fifty-eight years and to this union of marriage was born five children, namely, Richard Mathis, Tommy Mathis, Doby Mathis, Robert Mathis, and Sammie Mathis.
¶ 5. Cornelius Parks and Sonja Parks are alleged illegitimate children of T. Ed *121 gar Mathis and not among the five children that were born to the union of marriage of T. Edgar Mathis and Iva House Mathis.
¶ 6. On August 18, 2000, Cornelius Parks and Sonja Parks filed a petition for contest of will alleging that they are the natural, illegitimate children of T. Edgar Mathis and requested that the last will and testament be declared void. On August 21, 2000, the executor filed the final account and request for discharge of the executor. On October 17, 2000, the Parkses filed affidavits in which they both state that they are the natural children of T. Edgar Mathis and that the executor and other members of T. Edgar Mathis’s family were aware and had knowledge that T. Edgar Mathis was their natural father. On November 29, 2000, the executor filed a motion to dismiss for failure to timely file a will contest and a claim of inheritance. The chancellor granted the motion and dismissed the will contest. The Parkses subsequently filed a timely appeal alleging that the chancellor erred in dismissing the will contest in finding that they are time barred by Miss.Code. Ann. § 91 — 1—15(8)(e) (Rev. 1994).
DISCUSSION
¶ 7. This Court will not reverse a chancery court’s findings when it is supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Smith v. Jones, 654 So.2d 480, 484 (Miss.1995).
DID THE CHANCELLOR ERR IN DISMISSING THE PETITION FOR CONTEST OF CORNELIUS PARKS AND SONJA PARKS PURSUANT TO SECTION 91-l-15(3)(c) OF THE MISSISSIPPI CODE?
¶ 8. On appeal, the Parkses first argue that Miss.Code Ann. § 91-1-15 (Rev. 1994) is not applicable because the executor had knowledge of the Parkses’ status as alleged natural children of T. Edgar Mathis. Section 91-1-15 allows illegitimate children to adjudicate paternity in order to be established as an heir at law within specified time limits. The Parkses did not adjudicate their paternity and now believe that the executor’s awareness relieved them of that duty. The Parkses argue that Miss.Code Ann. § 91-7-23 (Rev. 1994) should apply because of their claim that they are “interested parties” as provided in the statute. Section 91-7-23 allows any interested party to contest the validity of a will within two years. The Parkses theorize that the executor’s knowledge of their status established them as an interested party. Hence, the Parkses assume that they do not have to determine their status under § 91-1-15 in order to contest the will. Therefore, the Parkses contend that they have a statutory right as an interested party under § 91-7-23 to contest this will. Next, the Parkses argue that if § 91-1-15 does apply, then the ninety day statute of limitations had not run because they were not personally notified of the probate proceedings and the court was not notified of their existence. The Parkses’ final argument is that it would be a violation of their due process rights under the Fourteenth Amendment if they are barred from proceeding with their potential claim. All of which the Parkses argue as reasons that dismissal of the petition for will contest was wrong.
¶ 9. On the contrary, the Estate argues the Parkses are not interested persons with standing to contest the will of T. Edgar Mathis under § 91-7-23 unless they have established their right to inherit pursuant to the terms of § 91 — 1—15(3)(c). Furthermore, the executor argues that he was not required by law to give notice to *122 the Parkses; therefore, his inaction could not be considered fraud. Thus, the statute of limitations had run and dismissal was wholly justified and statutorily mandated.
¶ 10. The Parkses’ first contention is that they are an “interested party” within the meaning of § 91-7-23 since they are potential heirs at law and may have inherited under intestate succession. Section 91-7-23 provides that, “Any person interested may at any time within two years contest the validity of the will.” It was held in the case of Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570, 573 (1924), that the words “interested parties” in the statute mean parties who have a pecuniary interest in the subject of the contest, and under all of the authorities the heirs at law who would take the property of the deceased in the absence of a valid will or those whose interest is detrimentally affected by the will. Thus, in the event of a will contest, if the Parkses are considered an interested party, they have a statutory right to contest the will under § 91-7-23.
¶ 11. The Estate of T. Edgar Mathis asserts that the present situation is a matter of basic, statutory law. A will may be contested by any interested person within two years of its admission to probate pursuant to § 91-7-23. However, the Parks-es are not “interested persons” with standing to contest the will of T. Edgar Mathis, unless they have first established their right to inherit pursuant to the terms of § 91 — 1—15 (3) (a), (b), or (c) which states the following:
(3) An illegitimate shall inherit from and through the illegitimate’s natural father and his kindred, and the natural father of an illegitimate and his kindred shall inherit from and through the illegitimate according to the statutes of descent and distribution if:
(a) The natural parents participated in a marriage ceremony before the birth of the child, even though the marriage was subsequently declared null and void or dissolved by a court; or
(b) There has been an adjudication of paternity or legitimacy before the death of the intestate; or
(c) There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under sections 91-1-27 and 91-1-29. However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child.
Miss.Code Ann. § 91-l-15(3)(a)(c) (Rev. 1994). According to the requirements of § 91-l-15(3)(a),(b), and (c), there has been no evidence presented by the contestants that the deceased and their mother participated in a marriage ceremony prior to their birth, no showing of any adjudication of paternity or legitimacy before the decedent’s death, and no adjudication of paternity after death in an heirship proceeding commenced pursuant to § 91-1-27 or § 91-1-29.
¶ 12. Mississippi Code Annotated section 91-l-15(3)(c) (Rev. 1994) clearly states that “no claim of inheritance by an illegitimate shall be recognized unless the action seeking adjudication of paternity is filed within one year of the decedent’s death or within ninety days of the first publication of notice to creditors, whichever is less.” The chancellor correctly stated that the petition for contest of will filed by the Parkses did not seek an adjudication of *123 their heirship to give them standing, and even if it did, it was untimely filed as coming outside the ninety days limitation set out in the statute.
¶ 13. In this testate situation, the Parkses do not have a pecuniary interest and would not take in the absence of a valid will because they are not an heir at law as required by Hoskins. Hoskins, 135 Miss. at 89, 99 So. at 573. Since the Parkses are not interested persons because of their failure to establish any right to inherit as illegitimates, they do not have standing to contest the last will and testament of T. Edgar Mathis pursuant to § 91-7-23. Therefore, § 91-1-15 is appropriately applied.
¶ 14. The Parkses further contend that if § 91-1-15 applies, they are not time barred because the executor had an affirmative duty to notify them and to disclose to the court that a known potential heir existed. According to § 91 — 1—15(3)(c), the Parkses had ninety days from the first publication to creditors to have their paternity adjudicated in order to become heirs at law. Miss.Code Ann. § 91 — 1—15(3)(c) (Rev. 1994). The Parkses state that “the administrator of an estate is required to provide actual notice to known or reasonably ascertainable legitimate children who are potential heirs and whose claims would be barred by the running of the 90-day period from the notice of creditors publication.” Smith v. Estate of King, 579 So.2d 1250, 1251 (Miss.1991). The Parkses assert that they were known potential heirs proven by an uncontested affidavit that they were natural children of the decedent. Accordingly, the Parkses argue that the filing of an affidavit of diligent search by the executor excluding the Parkses was tantamount to fraud. In Smith, an admin-istratrix perpetrated a fraud on the court where she intentionally chose not to reveal the existence of a potential heir to the court. Smith, 579 So.2d at 1250. Therefore, because of the alleged fraud, the Parkses submit that the ninety day statute of limitations of § 91 — 1—15(3)(c) has not run.
¶ 15. In addition, the Parkses argue that failure to make any claim on the estate until after the ninetieth day did not bar their claim when the executor did not fulfill his obligation imposed upon him by law to inform the court and obtain process upon all heirs known to him. Leflore by Primer v. Coleman, 521 So.2d 863, 868 (Miss.1988). Also, In re Estate of Flowers, 493 So.2d 950, 951 (Miss.1986), states that the omission of a known heir justifies a delay in filing. In these two cases that the Parkses cite for support, they surmise that the executor’s duty is the same as an administrator’s. Therefore, the Parkses submit that lack of notice and the fraudulent acts of the executor toll the statute of limitations.
¶ 16. The cases cited by the appellants can be distinguished from the matter before the court because T. Edgar Mathis died testate. The statutes and cases requiring identification of all potential heirs at law and notice to all potential heirs, known and unknown, are applicable to an intestate estate and are clearly distinguishable from the facts of this case. Furthermore, the affidavit filed by the Parkses alleging to be the uncontested natural children of the deceased was filed fifty-seven days after the executor filed his final account and sixty-two days after the ninety day deadline to adjudicate paternity.
¶ 17. In reply to the Parkses’ claim that they should have been informed of the probate proceedings, there was no such obligation. “Since the will was admitted to probate in common form, the only duties were to notify the parties named in the will (as they take under the will) and give 90 day notice to creditors, both of which were *124 done.” Williams v. Estate of Winding, 783 So.2d 707, 711(¶ 14) (Miss.2001). The executor in a testate matter is not required by law to give notice to unnamed potential heirs; therefore, inaction of the executor could not be considered fraud. Moreover, the executor never concealed the probate from the Parkses. As such, the Parkses’ notion of a notice requirement is meritless. Id.
¶ 18. The Parkses’ final claim is that their due process rights were violated. The Parkses’ argument is quite vague. Apparently, they contend that they were entitled to actual notice of all proceedings in this estate matter and that anything less than actual notice of the same was a denial of their due process rights. The Parkses direct the court to no authority addressing the due process rights of non-interested parties. The Mississippi case that the Parkses cite is Matter of Estate of Flowers, 493 So.2d 950 (Miss.1986). In Flowers, the court held that due process requires notice to be given to known potential heirs in an intestate situation. Flowers, 493 So.2d at 950. Such a case is not applicable to the facts in this case because this is a testate situation, not an intestate ease.
¶ 19. Because the authority cited by the Parkses is not relevant to the facts in this case, we are left with nothing to support the Parkses’ argument other than their conclusory statement that “it would be a violation of the appellants’ due process rights under the Fourteenth Amendment if they are barred from proceeding with their potential claim.” This is not sufficient to satisfy the burden of persuasion that the Parkses bear on appeal. Sumrall v. Mississippi Power Co., 693 So.2d 359, 368 (Miss.1997).
CONCLUSION
¶ 20. For the Parkses to contest the validity of the will as allowed under § 91-7-23, they must first have had standing as an interested party. Miss.Code Ann. § 91-7-23 (Rev. 1994). In order for the Parkses to be an interested party, they must have had to first establish their right to inherit pursuant to the terms of § 91 — 1— 15. According to Miss.Code Ann. § 91 — 1— 15(3)(c) (Rev. 1994), the Parkses had ninety days after the first date of publication of notice to the creditors to adjudicate their paternity. The first notice of creditors was published on May 18, 2000. The Parkses had until August 16, 2000 to determine their status as an interested party and heir at law. However, the Parkses filed a petition to contest the will after the ninety day deadline on August 18, 2000. Regardless, the Parkses never filed the required action to adjudicate their paternity. Therefore, they were never determined to be an interested party or heirs at law under § 91-l-15(3)(c). In addition, they were not interested persons as defined by Hoskins because they would not take here in the absence of a valid will and their interests would not have been detrimentally affected by the will. Hoskins, 135 Miss. at 89, 99 So. at 573. Consequently, they could not contest the validity of the will under § 91-7-23 because they were not considered an interested party as provided in the statute.
¶ 21. Next, the Parkses incorrectly argued that the statute of limitations under § 91-1-15 did not toll because the executor failed to give them personal notice. As stated in Williams, the executor was only required to notify the parties named in the will and give ninety days notice to creditors. Williams, 783 So.2d at 711(¶ 14). In this case the appropriate parties were notified. After August 16, 2000, the opportunity for the Parkses to establish their rights had properly ran. The Parkses are ■ now time barred from adjudicating their *125 paternity under § 91-1-15 and may not contest the will. Finding no error, we affirm.
¶ 22. THE JUDGMENT OF THE CHANCERY COURT OF CLARKE COUNTY IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.