IRVING, P.J.,
for the Court:
¶ 1. This appeal arises out of a will contest. Nancy Wirick, who is the daughter of the testator, Samuel A. Farr, filed a petition to contest Farr’s last will and testament and accompanying codicil, alleging that they were void because they were not attested to by at least two witnesses. Additionally, Wirick sought a determination of Farr’s heirs. On April 21, 2010, the chancery court found that Wirick is Farr’s sole heir. On June 28, 2010, Wirick filed a motion for summary judgment, seeking a determination that the will and codicil were invalid. The chancery court granted Wirick’s motion.
¶ 2. Feeling aggrieved, Farr’s estate appeals and argues that the chancery court erred in granting summary judgment and in determining that Wirick is Farr’s sole heir at law.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. On April 1, 2009, Farr executed his purported last will and testament. The will appointed Ramona Walls as executrix and devised all of his property to Wirick to be held in trust. Wirick would receive payments of $2,000 per month from the trust, including a cost-of-living adjustment as determined annually by the federal government.
¶ 5. The will was nonholographic and was signed by Farr. Roger McGrew served as an attesting witness. McGrew’s signature appears at the bottom of the first page of the will and at the end of the attestation clause. It also appears as the affiant of an “affidavit of witnesses” associated with the will. Carolyn A. Davis, a notary public, notarized McGrew’s signature on the “affidavit of witnesses.”
¶ 6. On April 23, 2009, Farr executed a codicil to his purported last will and testament. The codicil provided that in the event Wirick died and there were still funds remaining in the trust, those funds should be divided equally between Prospect Methodist Church and Prospect Methodist Church Cemetery Fund. John P. Fox served as an attesting witness. Fox’s signature appears at the conclusion of the codicil and at the end of the attestation clause. It also appears as the affiant of an “affidavit of witnesses” associated with the codicil. Carmen O. Booth, a notary public, notarized Fox’s signature on the “affidavit of witnesses.”
¶ 7. Farr died on December 29, 2009. On January 13, 2010, Walls filed a petition to probate Farr’s will. The same day, the chancery court admitted the will to probate and authorized the issuance of letters testamentary to Walls. On January 22, 2010, Wirick filed a petition to contest Farr’s will and codicil. Wirick asserted that neither document had been properly executed under Mississippi Code Annotated section 91-5-1 (Rev. 2004).[1] Specifical *55 ly, Wirick argued that both the will and codicil were invalid because only one witness had attested to each document.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

1. Validity of Will

¶ 9. Farr’s estate contends that the chancery court erred in granting summary judgment in favor of Wirick and in finding that the will and codicil were invalid because they had not been properly executed.[2] A chancery court’s decision to grant summary judgment is reviewed de novo. In re Estate of Laughter, 23 So.3d 1055, 1060 (¶ 17) (Miss.2009). Summary judgment is appropriate when “the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c).
¶ 10. Under section 91-5-1, valid execution of a nonholographic will or codicil requires the signatures of at least two witnesses. Farr’s estate argues that the notary public served as the second witness, and, therefore, both the will and codicil were properly executed. We disagree. The Mississippi Supreme Court has stated the following with regard to will contests:
The history of will contests in Mississippi supports the view that the requirements that there be two attesting witnesses to a will and, moreover, that it be attested by them in the presence of the testator, and that such attestation be evidenced by the affixation of their signatures to the document, are indispensable safeguards of the integrity of testamentary documents.
Batchelor v. Estate of Powers, 348 So.2d 776, 777 (Miss.1977) (emphasis added).
¶ 11. In this case, the attestation clause in both the will and the codicil contains two signature lines, which are labeled “Witnesses.” However, McGrew is the only witness who signed the attestation clause of the will, and Fox is the only witness who signed the attestation clause of the codicil.
¶ 12. At the hearing on the motion for summary judgment, Farr’s estate attempted to enter a “Certificate of Subscribing Witness” into evidence for both Davis and Booth. In the certificates, Davis certified that she witnessed Farr sign his will in the presence of McGrew, and Booth certified that she witnessed Farr sign his codicil in the presence of Fox. The chancery court allowed the certificates to be marked for identification purposes but excluded them from evidence because they were not filed timely under Rule 56(c) of the Mississippi Rules of Civil Procedure. Rule 56(c) requires that affidavits in opposition to a motion for sum *56 mary judgment be served “prior to the day of the hearing.” M.R.C.P. 56(c). Farr’s estate did not present the affidavits until the day of the hearing; therefore, the chancery court properly excluded the affidavits from evidence under Rule 56(c).
¶ 13. There is nothing in the will or in the codicil to suggest that Davis and Booth were present when Farr signed the documents. While the certificates presented at the hearing aver that Davis and Booth were present, the chancery court properly excluded the certificates under Rule 56(c). Because only one witness affixed his signature to the attestation clause of the will and of the codicil, neither document was validly executed. As such, the chancery court did not err in granting summary judgment in favor of Wirick. This issue is without merit.

2. Determination of Heirs

¶ 14. The estate made no effort to show that Farr had any heir other than Wirick even though, in its answer to Wirick’s petition, it denied that Wirick is Farr’s sole heir. Wirick properly published a summons for Farr’s unknown heirs, and no one responded. Therefore, based on evidence presented, the chancery court did not err in finding that Wirick is Farr’s sole heir. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF CHICKASAW COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.

. Section 91-5-1 provides:
Every person eighteen (18) years of age or older, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title and interest in possession, reversion, or remainder, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, heredit-aments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever, provided such last will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence and by his or her express *55 direction. Moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two (2) or more credible witnesses in the presence of the testator or testatrix.

. At the outset, we note that Wirick contends in her brief that Farr’s estate and its executrix lack standing to proceed on appeal. However, Farr’s argument is misplaced. While it is true that only "interested parties” (i.e. those with a pecuniary interest in the estate) may initiate a will contest, our case law has never held that an estate or its executrix is without standing to defend a will in a will contest. See Hoskins v. Holmes County Cmty. Hosp., 135 Miss. 89, 101, 99 So. 570, 573 (1924) (holding that executor is not an interested party and may not initiate a will contest). Wirick initiated the will contest, not Farr’s estate, and we know of no authority that precludes the estate from participating in the litigation.