501 So.2d 1120 (1987)
Michelle Leigh SMITH, By and Through Her Mother and Next Friend, Sherry Haynes Young
v.
Estate of Leslie Clifton King, Deceased.
No. 56977.
Supreme Court of Mississippi.
January 28, 1987.
*1121 Daniel H. Fairly, Stratton & Fairly, Brookhaven, for appellant.
W. Rayford Jones, Jones, Jones & Jones, Gulfport, and Thomas J. Lowe, Jr., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This appeal addresses the question of whether an executor of a will or an administrator of an estate who intentionally and fraudulently failed to disclose the existence of an illegitimate child to a court will vitiate a final decree adjudicating heirship.
Michelle Leigh Smith, by her mother, Sherry Haynes Young, as next friend filed a petition against the widow, brothers, sisters, mother, and grandmother of Leslie Clifton King, deceased, to be declared an heir at law of the decedent. The widow, Darlene Araujo King, filed a motion to dismiss for failure of the claimant to timely file such a claim and the motion to dismiss was granted by the Chancery Court of Harrison County. This appeal ensued.

I.
Leslie Clifton King died intestate on April 17, 1983, and his widow, Darlene Araujo King, was appointed administratrix of his estate on April 19, 1983. The estate administration continued routinely and was closed on August 9, 1983, adjudicating the widow to be the only heir at law.
On February 6, 1984, the appellant minor filed her petition seeking to be declared an heir of the decedent as an illegitimate daughter and to share in the estate. The widow and former administratrix responded denying the petition's allegations and also filed a motion to dismiss for the minor petitioner's failure to timely file such a claim. The minor then moved to amend her complaint to allege fraud. The amendment alleging fraud charged that the widow knew of the existence of the appellant as an illegitimate child of the decedent, but fraudulently misrepresented to the court that alleged fact. Responses from two of the decedent's sisters were contained within the record, one response admitting to her brother's acknowledgment of the child as his own; the other sister denied her brother's paternity of the child. On this record, the chancery judge denied the amendment and dismissed the petition as being untimely filed.

II.

WAS THE CLAIM TIMELY MADE?
Miss. Code Ann. § 91-1-15(3) (Supp. 1985) provides the statutory basis for inheritance rights and the limitation as to the time within which such a claim may be brought, which statute provides in pertinent part:
(3) An illegitimate shall inherit from and through the illegitimate's natural father and his kindred, and the natural father of an illegitimate and his kindred shall inherit from and through the illegitimate according to the statutes of descent and distribution if:
(a) The natural parents participated in a marriage ceremony before the birth of the child, even though the marriage was subsequently declared null and void or dissolved by a court; or
(b) There has been an adjudication of paternity or legitimacy before the death of the intestate; or
(c) There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under sections 91-1-27 and 91-1-29. However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one *1122 (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child. No claim of inheritance based on an adjudication of paternity, after death of the intestate, by a court outside the State of Mississippi shall be recognized unless:
(i) Such court was in the state of residence of the intestate at the time of the intestate's death;
(ii) The action adjudicating paternity was filed within (90) days after the death of the intestate;
(iii) All known heirs were made parties to the action; and
(iv) Paternity or legitimacy was established by clear and convincing evidence.
Under § 91-1-15(1)(b) a claim is defined as:
"Claim" means the right to assert a demand on behalf of an illegitimate to inherit property, either personal or real, from the estate of the natural mother or father of such illegitimate.
It is acknowledged that the appellant minor's petition was filed more than ninety days after the first publication of notice to creditors on April 22, 1983.

A.
The first question to be answered here is whether an amended complaint alleging fraud should have been allowed. Rule 15, Mississippi Rules of Civil Procedure, controls amendment procedure and provides:
(a) Amendments. A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.
The motion's allegations assert fraud perpetrated upon the court by the administratrix. If an allegation of fraud is sufficiently pled under M.R.C.P. 9(c) it should be heard. Denial of a hearing on such allegation would result in an injustice to the appellant.
Additionally, Mississippi Rule of Civil Procedure 15 provides that upon "sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion."
The Court therefore concludes that the appellant's motion for leave to amend should have been allowed.

B.
The next question to be addressed is what affect proven fraud would have upon the ninety days limitation of action of Miss. Code Ann. § 91-1-15.
As a threshold question, it is important to acknowledge that the administratrix is a fiduciary and as such is under a duty to perform as a trustee, both to the court creditors, and to the heirs. The executor or administrator is a trustee for both the creditors and the heirs. Shepherd v. Townsend, 249 Miss. 383, 162 So.2d 878, 10 A.L.R.3d 538 (1964); 33 C.J.S. Executors and Administrators § 142 (1942). The administratrix *1123 must exercise reasonable and ordinary diligence to determine and locate heirs. Id. See Succession of Hearn, 412 So.2d 692 (La. App. 1982) wherein the court held that the executrix knew or should have known of the existence of decedent's child and was liable where she concealed this from the court.
More significantly, an administratrix is under an affirmative duty to disclose to this Court the existence of known potential heirs and claimants.
Mississippi statutory law specifies the administratrix's duties in this respect.
§ 91-7-293. Names of parties interested to be stated.
The executor or administrator shall file with his final account a written statement, under oath, of the names of the heirs or devisees and legatees of the estate, so far as known, specifying particularly which, if any, are under the age of twenty-one years, of unsound mind, or convict of felony; the places of residence of each and their post-office address if they be nonresidents or, if the post-office address be unknown, the statement must aver that diligent inquiry has been made to learn the same without avail; and giving the names and places of residence of the guardians of all who have guardians, so far as known.
After the final account has been filed, it is the administratrix duty to cause summons to be issued for "all parties interested" as far as known to her at the hearing on the final account. Miss. Code Ann. § 91-7-295 (1972). Likewise, case law supports this principle.
[I]t was obligatory upon Connolly as administrator to apply to the court in his representative capacity, and it is too plain for argument that his duty was to advise the court in absolute good faith of all the knowledge he possessed concerning the persons who under the law were entitled to the estate. (Emphasis supplied). Diamond v. Connolly, 251 F. 234 (9th Cir.) cert. denied, 248 U.S. 561, 39 S.Ct. 7, 63 L.Ed. 422 (1918).
Recently this Court ruled in In the Matter of the Estate of John Walden Flowers, Deceased: Dorothy Nell Campbell a/k/a Dorothy Mae Campbell v. Marian Gregory, Et al., 493 So.2d 950 (Miss. 1986), where a petitioner failed to assign as error on appeal, the alleged fraudulent omission of a known heir[1] by the administrator of an estate, the lower court ruling that such issue was untimely made under Miss. Code Ann. § 91-1-15(3) (Supp. 1982) would be vacated and remanded in light of an alleged fraud upon the court. Another case directly on point is Purinton v. Dyson, 8 Cal.2d 322, 65 P.2d 777 (1937). There an executor of a will intentionally failed to disclose to the court the existence of a predetermined heir known to him. The court held that this was fraud in obtaining the decree of distribution, which afforded the legatee relief in equity to set aside the decree. Specifically, the court held that because of the fraud perpetrated, the executor was a trustee for the person defrauded.
Under the allegations of this amended petition, which should have been permitted to be filed, and the law regarding proof of fraud, this Court holds that the chancery court should be reversed and the case remanded for trial on the amended petition. It should be noted that all parties necessary for a just adjudication[2] can be required to be made parties under M.R.C.P. 14 and 19 by the court and that further pleadings are expected.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
*1124 WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., dissents.
GRIFFIN, Justice, dissenting:
I respectfully dissent.
The majority opinion fails to acknowledge what seems to me to be the fundamental issue in today's decision: namely, that in order to allow recovery under the will of Leslie Clifton King, Deceased, an illegitimate such as the appellant minor must first be declared an heir in accordance with our statute, Mississippi Code Annotated § 91-1-15(3) (Supp. 1985), which is something which has just not been done. Furthermore, while the majority relies upon a possible perpetration of fraud played upon appellant minor by the widow and executrix of King's estate, Darlene Araujo King, and focuses upon her fiduciary duties as trustee, this, I contend, should not be part of our inquiry herein.
The gist of the statute cited in the majority opinion which is pertinent to this action reads as follows:
§ 91-7-293. Names of parties interested to be stated.
The executor or administrator shall file with his final account a written statement, under oath, of the names of the heirs or devisees and legatees of the estate, so far as known, ... .
After some perusal and due consideration of this law specifying the duties to be carried forth by the administratrix, I am at a loss as to how the majority concluded that Mrs. King committed a fraudulent omission of naming a known heir simply because the status of appellant minor is not that of an heir. Not only did Michelle Leigh Smith fail to institute proceedings in the adjudication of paternity in accordance with the time limit set by our statute, but such a lapse was not compounded by a "fraud on the court" by the executrix, who was under no duty to inform it of any party whose heirship had yet to be determined.
In sum, I fail to see the logic in our review of the judgment rendered in this action, and believe the chancellor's opinion should have been affirmed.
NOTES
[1] The written opinion in Flowers refers to the "known heir" as a "natural daughter" of the decedent, but the record reflects that the natural child was illegitimate.
[2] The record suggests that the minor's birth certificate contains the name of a father whose rights may be affected.