651 So.2d 1052 (1995)
In the Matter of the Last Will and Testament and ESTATE OF Mrs. Clara P. McCLERKIN, Deceased.
Miguel PADRON, Carmetta Padron and Caridad Romero
v.
Hortensia MARTELL, Genevieve Brown and Flo Evans; and Trustmark National Bank, Executor of the Last Will and Testament of Mrs. Clara P. McClerkin, Deceased.
No. 91-CA-01169-SCT.
Supreme Court of Mississippi.
March 9, 1995.
Richard E. Stratton, III, Brookhaven, for appellant.
Donald B. Patterson, Owen Roberts, Brookhaven, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
SMITH, Justice, for the Court:
This case comes to this Court on appeal from the Chancery Court of Lincoln County concerning the estate of Clara P. McClerkin who died on October 15, 1987. The petition to probate her will in common form was entered on October 20, 1987, and the decree to admit the will to probate was filed October 21, 1987. The beneficiaries named in the will were two friends and a cousin, the latter bequeathed the entire residual estate. The executor of McClerkin's estate was Brookhaven Bank and Trust Company, now Trustmark National Bank (hereinafter "executor").
The executor filed a petition to probate the will in solemn form on August 5, 1988. The petition did not list the named beneficiaries as interested parties. On September 9, 1988, Miguel Padron, Carmetta Padron (brother and sister), and Caridad Romero (niece and sole heir of Cheo Padron another brother to McClerkin) (hereinafter "contestants") filed a Motion For Enlargement of Time requesting *1053 thirty days to plead, answer, demur or respond to the Petition for Probate of Will in Solemn Form.
On October 5, 1988, the contestants filed a Caveat Against Probate in Solemn Form of McClerkin's will. The caveat stated the will was the result of undue influence, and McClerkin lacked testamentary capacity to execute and dispose of her property. The contestants also filed an Answer to the Petition for Probating of Will in Solemn Form on October 5, 1988.
Both the executor and the beneficiaries under the will filed motions to dismiss claiming that the will was not contested within two years from and after the date of October 21, 1987, as required by Miss. Code Ann. § 91-7-23 (1972). Thus, the action was barred.
The chancellor sustained the motions to dismiss the Caveat, Amendment to Caveat and Answer of the contestants with prejudice. Aggrieved by the ruling the contestants appealed to this Court presenting the following single issue:
I. THE LOWER COURT WAS IN ERROR IN ITS APPLICATION OF CASES OF MOORE v. JACKSON AND IN RE THE ESTATE OF STANBACK RATHER THAN RULES 3 AND 4 MISSISSIPPI RULES OF CIVIL PROCEDURE.
The chancellor, referencing MRCP Rule 3(a), held that the action began with the October 5, 1988, filing of the caveat by the contestants, and that this action defeated the two-year statute of limitations even though the beneficiaries were not mentioned. The interested parties did not receive process until November and December of 1990, three years after the will was probated in common form and over two years after the will was probated in solemn form.
The chancellor's ruling was based upon the case of Estate of Estella D. Stanback, 222 So.2d 660 (Miss. 1969). Within one month of the learned chancellor's ruling this Court overruled Stanback in the case of Estate of Schneider, 585 So.2d 1275 (Miss. 1991). In Schneider, the Court held that the "Mississippi Rules of Civil Procedure supersede all previous court decisions as well as all statutes on procedure to the contrary," and that the parties must be treated as necessary parties governed by Rules 19 and 21 of the Mississippi Rules of Civil Procedure. The Schneider Court also reviewed the case of Moore v. Jackson, 247 Miss. 854, 157 So.2d 785 (1963), stating that "Moore remains good law insofar as it holds trial proceedings must be held in abeyance until all necessary parties are joined in a suit contesting a will." Id. at 1277. In Perry v. Aldrich, 251 Miss. 429, 169 So.2d 786 (1964), the Court held that "the probate of a will in common form is not a final adjudication of the validity of the will, but rather was an `incipient step' to help the court execute the will." Id. 169 So.2d at 789 citing Austin v. Patrick, 179 Miss. 718, 176 So. 714 (1937); Murray v. Murphy, 39 Miss. 214 (1860); Kelly v. Davis, 37 Miss. 76 (1859).
Schneider mandates MRCP Rules 19 and 21 apply. All parties in this case are necessary parties entitled to notice. We must reverse and remand.

FACTS
McClerkin died on October 15, 1987 with her last will and testament dated February 25, 1985. The petition to probate her will in common form was entered on October 20, 1987, and the decree to admit the will to probate was filed October 21, 1987. The beneficiaries named in the will were Flo Evans of Lawrence County, Mississippi, a friend who received $10,000.00; Genevieve Brown of Brookhaven, Mississippi, a friend who received $2,000.00; and the entire residual estate was bequeathed to McClerkin's cousin, Hortensia Martell, a resident of Florida.
The executor filed a petition to probate the will in solemn form on August 5, 1988. The petition did not name the beneficiaries as interested parties. It did include McClerkin's last will and testament, affidavits of the attesting witnesses, and the decree admitting the will to probate in common form. The petition stated that the following persons and parties in interest were entitled to notice, and should be made parties respondent: Rebecca Carbonnet and Hortensia Padron of Miami, Florida (addresses unknown), and the *1054 unknown heirs of McClerkin. The petition requested proper process be issued by publication to the named parties and/or unknown parties who should be required to respond within the time permitted by law. The papers were signed by Scott M. Farnsworth, Vice President and Trust Officer of Trustmark National Bank, Brookhaven Branch, a/k/a Executor.
Miguel Padron and Carmetta Padron are brother and sister to McClerkin. Caridad Romero is McClerkin's niece and sole heir at law to Cheo Padron, another brother to McClerkin. On September 9, 1988, these contestants filed a Motion For Enlargement of Time asking the court for thirty days to plead, answer, demur or respond to the Petition for Probate of Will in Solemn Form.
On September 13, 1988, the executor filed an application for default pursuant to Rule 55(b) of the Mississippi Rules of Civil Procedure against Rebecca Carbonnet, Hortensia Padron, the unknown heirs of Clara P. McClerkin, and all persons interested in McClerkin's estate. This did not include the contestants or the beneficiaries to McClerkin's will. The request was made because the named defendants Rebecca Carbonnet and Hortensia Padron, failed to plead, answer or defend the affidavit. The record reflects that publication in the Daily Leader, the Brookhaven newspaper, of the probate in solemn form of McClerkin's will occurred August 9, 16, and 23, 1988. The chancery court entered a default judgment on September 16, 1988.
On October 5, 1988, the contestants filed a Caveat Against Probate in Solemn Form of McClerkin's will which stated the will was the result of undue influence, and McClerkin lacked testamentary capacity to execute and dispose of her property. The contestants also filed an Answer to the Petition for Probating of Will in Solemn Form on October 5, 1988. The Answer (1) denied the will represented the true and valid last will of McClerkin, (2) denied the decree to petition was not sufficient to admit the will to probate because the caveat and contest was filed, and (3) contained the contestants' statement that they did not know any other person(s) who had an interest in McClerkin's estate. The answer denied Rebecca Carbonnet was an heir at law and a party in interest to McClerkin, and stated that Carbonnet is the daughter of Miguel Padron (contestant), a brother of McClerkin.
The Answer denied Hortensia Padron is an heir at law and a party in interest to McClerkin's estate because the contestants did not know Hortensia Padron. The answer stated that McClerkin had three brothers and one sister to McClerkin, and it outlined the lineage of the Padron family as it pertained to McClerkin's estate. Neither the Answer nor Caveat designated the beneficiaries as defendants, nor did the pleading request service of process for "anyone nor set forth any facts upon which process could issue for a nonresident defendant."
The record illustrates that Donald B. Patterson was employed by Hortensia Martell on October 25, 1988. Patterson wrote Martell telling her that he informed attorney Stratton that he was representing Martell.
On July 13, 1990, the executor filed a Motion to Dismiss the Caveat of October 5, 1988, arguing that McClerkin's will was not "contested within two (2) years from and after the date of October 21, 1987, as contemplated and required by statute, particularly §§ 91-7-23 and 91-7-25 of the Mississippi Code of 1972... ." The executor argued the court's decree of October 21, 1987, is "final and conclusive" and McClerkin's will is "now the true, final, and only last will and testament" of McClerkin "not subject to further question." Therefore, the contestants are barred from contesting the validity of the will.
On November 26, 1990, the contestants amended the caveat against probate alleging undue influence and that McClerkin did not have testamentary capacity because she was diagnosed with "Organic Brain Syndrome" by a Dr. Manuel M. Morlote of Hollywood, Florida. The amendment correctly stated that the petition to admit the will to probate in solemn form did not include the beneficiaries as interested parties. The amendment requested process be served upon these parties requiring them to answer, plead or respond to the caveat and will contest already *1055 filed. The summons was sent to Brown on November 26, 1990 and returned December 14, 1990. The summons was sent to Evans on December 27, 1990, and returned on December 27, 1990.
On December 14, 1990, the beneficiaries filed a motion to dismiss the contestants' Caveat and Amendment because neither the Petition for Probate, Caveat, nor Answer designated any of the interested parties as defendants. The prayers did not request process issue for anyone or determine facts for which process could be issued for the defendants. The beneficiaries contended the action was barred by § 91-7-23 of the Mississippi Code.
On August 9, 1991, a hearing was held before Special Chancellor Joe G. Moss to place the following stipulation into the record by attorney for the contestants, Richard E. Stratton:
The stipulation says that, "Patterson and Stratton have no independent recollection of these conversations but believe that a letter to Patterson's client, Mrs. Hortensia Martell, dated November 21, 1988, copy of which is annexed hereto as Exhibit "A" is an accurate resume of those conversations." Our agreement in the interim was that nothing needed to be done in the interim in the lawsuit. What you want to add to it, to be reflected in the Court file is that the petition to probate in solemn form did not name the residual devisees or the legatees as parties defendant and I had subpoenaed Scott Farnsworth, who was the Trust Officer for Trustmark National Bank when they filed this petition to probate in solemn form and my stipulation was that he did not make diligent inquiry to ascertain and determine the heirs of Clara P. McClerkin before filing the petition to probate the will in solemn form.
The record reflects the letter to Mr. Stratton from Donald B. Patterson, attorney for the beneficiaries, and Owen Roberts, attorney for Trustmark National Bank. The letter states the stipulations are basically an outline of the events and associated dates.
The Lincoln County Chancery Court issued its opinion on the cause of Motions to Dismiss Caveat, Amendment to Caveat and Answer of Contestants on August 17, 1991. The chancellor considered the November 26, 1990, Amendment to Caveat that finally listed the beneficiaries as interested parties and issuance of the service of process. The chancellor noted the "threshold question": When does the cause of action begin? Referencing Rule 3(a) of the Rules of Civil Procedure which states "a civil action is commenced by filing a complaint with the court," the chancellor held the action began with the October 5, 1988, Caveat filing, and this action defeated the two-year statute of limitations even though the beneficiaries were not mentioned. The beneficiaries were not served with process until November and December of 1990, which was three years after the will was probated in common form and nearly two years and three months after the will was probated in solemn form. The chancellor based his ruling upon the "striking similarities" in the case of Estate of Estella D. Stanback, 222 So.2d 660 (Miss. 1969), a case overruled by this Court one month later.

Standard of Review
The Court has stated that the chancellor's decision will not be reversed unless the decision is manifestly wrong. Matter of Estate of Mason v. Fort, 616 So.2d 322, 331 (Miss. 1993) The Court will not hesitate to reverse if it finds the chancellor's decision is "manifestly wrong, or that the court applied an erroneous legal standard... ." Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss. 1993); citing Smith v. Smith, 607 So.2d 122, 126 (Miss. 1992).

DISCUSSION
The ruling of the chancery court which decided the motion to dismiss the caveat based upon Stanback was decided August 12, 1991. This Court rendered its decision in Estate of Schneider, 585 So.2d 1275 (Miss. 1991) on September 11, 1991. That decision held that Rule 3 MRCP supersedes any previous court decisions, including In Re Estate of Stanback, 222 So.2d 660 (Miss. 1969), and Moore v. Jackson, 247 Miss. 854, 157 So.2d 785 (1963). The contestants argue they complied with Rules 3(a) and 4(h) of MRCP, and have "duly and timely" issued process to the *1056 interested parties as stated in the Amendment to the Caveat.
The beneficiaries argue this Court's decision to overrule Stanback in Estate of Schneider is "erroneous". They contend that the caveat designated no interested parties as defendants, there were no facts for process to be issued for resident or non-resident, and no process was issued for over two years after the will was admitted to probate in common form. Therefore, there was no "commencement of an action" by Rule 3 to toll the two year statute of limitations per § 91-7-23, Mississippi Code 1972, as amended.
The executor argues that the contestants failed to comply with Rule 4(h) by having process issued 120 days from the date of the filing of the contest. Thus, the filing of an amended contest three years after probate in common form was done after the two year statute had expired, and there is no legal effect to the action.
Before addressing the merits and law, some preliminary statements are necessary to place this case in proper form for adjudication. The beneficiaries argue that the probate of the will in common form and the final adjudication finalized the process. This is not true. In Perry v. Aldrich, 251 Miss. 429, 169 So.2d 786 (1964), the Court stated:
The rule in this State is that the probate of a will in common form is not a final adjudication of the validity of the will but is an `incipient step' necessary to enable the court to proceed to carry the will into execution. It is not conclusive against the heirs and distributees; and if they desire to contest the validity of the will, the statute provides the mode by which that shall be done by an issue devisavit vel non.
251 Miss. at 436, 169 So.2d at 789, citing Austin v. Patrick, 179 Miss. 718, 176 So. 714 (1937). The language "incipient step" was found by the Court to be first used in Kelly v. Davis, 37 Miss. 76 (1859). Perry refutes the appellee's contention that the contestants cannot contest McClerkin's will since the October 21, 1987, decree is "now the true, final, and only last will and testament ... not subject to further question."
Mississippi Code Ann. § 91-7-25 (1972), as amended, provides: "In any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties." Section 91-7-293, "Names of Interested parties to be stated", determines which party has the burden of providing the names, addresses, and other pertinent information of interested parties. Section 91-7-293 reads as follows:
The executor or administrator shall file with his final account a written statement, under oath, of the names of the heirs or devisees and legatees of the estate, so far as known, specifying particularly which, if any, are under the age of twenty-one years, of unsound mind, or convict of felony; the places of residence of each and their post-office address if they be nonresidents or, if the post-office address be unknown, the statement must aver that diligent inquiry has been made to learn the same without avail and giving the names and places of residence of the guardians of all who have guardians, so far as known.
In Smith By Young v. Estate of King, 579 So.2d 1250 (Miss. 1991), the Court reaffirmed that "the administrator is under an affirmative duty to disclose to the court the existence of known potential heirs and claimants." Id. at 1251, citing Smith v. Estate of King, 501 So.2d 1120, 1123 (Miss. 1987). The Court further stated that "[a]s administratrix, Mrs. King was under a duty to use reasonable diligence to ascertain potential heirs and to file the names of such heirs in the final account." Id. at 1252, citing Miss. Code Ann. § 91-7-293 (1972). The Court recognized that an administratrix is an "arm of the court" whose duty by law is to "collect and distribute the estate of the deceased... ." Id., citing In re Will of Hughes, 241 Wis. 257, 5 N.W.2d 791, 794 (1942). The Court in Smith By Young reaffirmed its earlier statement that the administratrix "is a fiduciary to both the decedent's creditors and his heirs." Id., citing 501 So.2d at 1122. The Court stated that Mrs. King "intentionally chose not to reveal the existence of Michelle Smith to the court relying on her and her attorney's determination that Michelle Smith was not an heir." Id. at 1253. *1057 The Court stated this action "perpetrated a fraud on the court." Id.
The concept of an executor's duties is not new. In Kelly v. Davis, 37 Miss. at 102, the Court stated the executor
is a trustee for the benefit of the estate and of those interested in it, and, as such, he is bound to act in good faith, and so as not to prejudice or jeopardize the rights of those interested... . But his powers are held in subordination to the authority of the court from which his letters proceeded, subject to its direction and control.
Id. Corpus Juris Secundum states the executor represents and acts for all parties and all interests in the estate. He represents heirs, legatees or distributees. 33 C.J.S. Executors and Administrators § 142 (1942). We hold Trustmark, as executor, had the burden of listing Brown, Evans and Martell as interested/necessary parties. This becomes more apparent, and perhaps much more important, as consideration is given to defining interested parties.
In Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570 (1924), the testatrix left her entire estate to Hoskins. The hospital filed a caveat protesting the will but did not bring the interested/necessary parties into the contest who were allegedly heirs at law of the testatrix. The Court stated these parties were interested and necessary parties and defined "interested parties" as
parties who have a pecuniary interest in the subject of the contest, and under all of the authorities the heirs at law who would take the property of the deceased in the absence of a valid will are interested parties and are necessary parties under the very terms of the statute itself. The court cannot properly entertain a contest of the will without having before it all the parties interested in such contest.
135 Miss. at 101, 99 So. at 573. The Court further stated that "interested parties" are "necessary parties if they will be detrimentally affected by the will." Id. The Hoskins Court concluded, "we think it was error to proceed in the court below without having all the parties interested before the court. There ought to be only one contest of a will, and if the parties are not before the court when a will is being contested, of course their rights could not be affected by such contest." Id. The Court reversed the lower court.
In Moore v. Jackson, 247 Miss. 854, 157 So.2d 785 (1963), the will left the property to the three illegitimate children of the deceased. Process was served on two of the three children. The chancellor heard the case in vacation. Only one child did not consent to the vacation hearing and the court stated he was not bound by the hearing. However, no objections were raised to the nonjoinder of the parties. The Court stated "all the parties named in the will as legatees or devisees are necessary parties to a contest, at least where the contest is by a suit in equity to set aside the probate of the will. It has been held that a court has no authority to try a suit to contest a will unless all interested parties are before the court." Id. 157 So.2d at 786, citing 57 Am.Jur., Wills § 826 (1948).
The Moore Court considered Code Section 506 which provided that "[i]n any proceeding to contest the validity of a will, all persons interested in such contest shall be made parties." 157 So.2d at 786. (Section 91-7-25 is the updated version of section 506.) The Court stated the nonjoinder of the parties "constituted a failure to comply with the requirements and limitations of Code section 506; and that such parties were necessary, indispensable parties to the contest of the will. The court was without power to proceed without them." Id. 157 So.2d at 787.
In Estate of Schneider, 585 So.2d 1275 (Miss. 1991), the Court held that parties to an earlier will and codicil were "interested parties" and therefore necessary parties to the contested will which was a different will written later. Id. at 1277, citing Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570 (1924). The Court held that treating these as necessary parties must be governed by Rules 19 and 21 of the Mississippi Rules of Civil Procedure. The Court also outlined the provisions of Rules 3 and 4 of the Mississippi Rules of Civil Procedure. Id. The Court overruled Stanback because the "Mississippi Rules of Civil Procedure *1058 ... supersede all previous court decisions as well as all statutes on procedure to the contrary." Id. However, the Court stated "Moore remains good law insofar as it holds trial proceedings must be held in abeyance until all necessary parties are joined in a suit contesting a will." Id.
Based upon this Court's holdings in Hoskins, Moore, and Schneider, the chancery court did not have jurisdiction to hear the case. The necessary and proper parties were not before the court. It cannot be said that Brown, Evans and Martell were proper parties. The Court has defined a proper party as those parties who "may be omitted for good cause shown, provided that without them a practical and just decree may nevertheless be made." Moore, 157 So.2d at 787. Moreover, those parties had a very strong and viable pecuniary interest in the contest because they were the only parties that were listed as legatees and/or devisees: Martell received the residual estate, and Brown and Evans received monetary bequests. They were necessary parties.
The determination of this case cannot rest on the foregoing. As Schneider states that the MRCP must now govern, it should be noted the potential confusion that decision could create. Rule 81 MRCP states the rules apply to "all civil proceedings but are subject to limited applicability in the following actions which are generally governed by statutory procedures. (8) Title 91 of the Mississippi Code of 1972... ."
Mississippi Code Ann. § 91-7-21, "Caveat against probate may be filed" provides:
Any one desiring to contest a will presented for probate may do so before probate by entering in the clerk's office in which it shall be presented his objection to the probate thereof, and causing all parties interested and who do not join him in such objection to be made parties defendant. Thereupon the issue devisavit vel non shall be made up and tried, and proceedings had as in other like cases. When an objection to the probate of a will has been made in writing, filed with the clerk, probate shall not be had of such will without notice to the objector.
This presents a problem as it concerns the contestants. Yet, in light of the absence of addresses and names upon presentation in the court papers, it is difficult to determine how the contestants could fully comply with the statute.
Rule 3 of the Mississippi Rules of Civil Procedure (MRCP) provides: "A civil action is commenced by filing a complaint with the court." This was accomplished when the contestants filed the caveat on October 5, 1988, since the two year statute of limitations, per § 91-7-23 Miss. Code Ann., as amended, had not expired.
Rule 4 (MRCP) states: "Upon filing of the complaint, the clerk shall forthwith issue a summons." The contention is the service of process did not comply with Rule 4(h), which states:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
The Schneider Court stated that the treatment of necessary parties "must be governed by Rules 19 and 21, MRCP, and comments thereunder." Estate of Schneider, 585 So.2d at 1277. Rule 19 MRCP states
A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

*1059 If he has not been so joined, the court shall order that he be made a party. ... (emphasis added)
(b) If a person as described in subdivision (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable. (emphasis added) The factors to be considered by the court include: First, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
The comment to Rule 19 expresses the concern that the decision to join a party to a lawsuit is based upon the avoidance of multiple litigation, and "providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them."
Based upon the reading of the rule the chancellor should have joined Brown, Evans and Martell. Based upon the aforementioned case law, it was the executor's duty to bring forth all pertinent information to the court. McClerkin's will explicitly listed bequests to Brown, Evans and Martell, and it is apparent the contestants read the will. The record clearly illustrates why the contestants did not issue a summons in the caveat. The first petition to probate the will only states the "principal beneficiary of testatrix is her cousin Hortensia Martell, of Miami, Florida, with whom the testatrix has resided since the month of February, 1985". The document lists the executor as Brookhaven Bank and Trust Company, a/k/a Trustmark National Bank. The decree admitting the will to probate was a near replica of the petition to probate. The last will and testament lists the beneficiaries' names with either the county or city state they reside in, yet no addresses are listed. In the petition to close the estate and discharge the executor, the amount of the bequests and the beneficiaries are listed, yet no addresses and pertinent information exist to aid the contestants later in time. In the first and final accounting, the disbursements are listed with all other monetary information, but no addresses. In the final decree to close the estate, no addresses are listed. Finally, the petition to probate in solemn form, which was filed August 5, 1988, fails to list the beneficiaries under the will.
In light of the facts and case law, the executor failed in properly designating the beneficiaries as necessary parties from the very beginning; and the chancellor, by Rule 19, should have joined all parties, necessary and proper, before exercising jurisdiction. Therefore, the chancellor was in error for dismissing the caveat and the amended caveat.

CONCLUSION
The chancery court determined this case based upon the case of In Re Estate of Stanback, 222 So.2d 660 (Miss. 1969). In fairness to the learned chancellor, he could not have known that this Court would overrule Stanback within the month in Estate of Schneider, 585 So.2d 1275 (Miss. 1991). Schneider is now the law and its application mandates reversal of this case.
The beneficiaries incorrectly argued that the probate of the will in common form and the final adjudication finalized the process. In Perry v. Aldrich, 251 Miss. 429, 169 So.2d 786 (1964), the Court held that the probate of the will in common form is not a final adjudication of the validity of the will but rather an "incipient step" to help the court execute the will.
The chancery court did not have jurisdiction to hear the case since the interested and necessary parties, as determined in Hoskins v. Holmes County Community Hospital, 135 Miss. 89, 99 So. 570 (1924), and §§ 91-7-25, 91-7-293, Miss. Code Ann., as amended were not timely noticed and properly joined in the lawsuit. The Mississippi Rules of Civil Procedure, Rules 19 and 21, determine who may *1060 be joined as necessary parties. The decision of the chancery court must be reversed.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.