ISHEE, J.,
for the Court.
¶ 1. The chancery court admitted the decedent’s will to probate in solemn form and held that Sarah D. Cuevas was the sole devisee and legatee of the decedent. William Kelly filed a motion to dismiss for lack of jurisdiction. The chancery court denied Kelly’s motion, and granted Cue-vas’s motion for judgment on the pleadings in accordance with Rule 12(c) of the Mississippi Rules of Civil Procedure. Aggrieved by the judgment against him, Kelly appealed and now asserts three assignments of error. We affirm the judgment of the chancery court, but we also remand for a specific finding of the personal property located in Mississippi.
*565 STATEMENT OF FACTS
¶ 2. Alvarado H. Kelly (decedent) was declared mentally incompetent by a Florida mental hospital on December 2, 1960, and was committed to a Veteran’s Administration (VA) hospital in Florida. In September of 1961, the decedent was transferred to a VA hospital in Gulfport, Mississippi. The decedent was allowed to participate in the VA Residential Care program and in 1975, he moved to the residential care facility of Sarah D. Cue-vas.
¶ 3. The decedent lived with Cuevas in Hancock County, Mississippi until he died testate on November 1, 2000. The decedent’s will, dated April 23, 1992, instructed that Cuevas be appointed executrix. The will also stated in part: “I give, devise and bequeath all my property real, personal, and mixed to: Sarah D. Cuevas ... [m]ore specifically, my personal property located in the Sun Trust Bank, P.O. Box 1498, Tampa, Florida 33601.” Cuevas filed a petition to probate the will in common form on November 8, 2000. A decree admitting the will to probate and appointing Cuevas as Executrix of the Estate of Alvarado H. Kelly was entered the same day.
¶ 4. On December 27, 2000, William R. Kelly, Sr., the decedent’s brother, filed a petition for administration with the clerk of the Circuit Court for Hillsborough County, Florida. Kelly’s complaint included sworn allegations by Kelly that the decedent was domiciled in Hillsborough County until the date of his death. The complaint further stated that the decedent was domiciled in Florida in 1962, when he was declared judicially incapacitated, and that his incapacity continued until the time of his death. Additionally, the complaint asserted that all of the decedent’s assets were located in Florida, “other than clothing and personalty of nil value.”
¶ 5. On January 24, 2001, Cuevas filed a complaint to admit the decedent’s will to probate in solemn form in the Hancock County, Mississippi Chancery Court. The complaint recited that the decedent was a resident citizen of Hancock County, that he had resided there for more than thirty years, and that he died a resident citizen of Hancock County. Kelly was personally served with a Mississippi Rules of Civil Procedure Rule 4 summons on January 31, 2001. Kelly did not file a response to the complaint, and on March 9, 2001 the chancery court admitted the will to probate in solemn form. The chancery court judgment also adjudicated Cuevas to be the decedent’s sole devisee and legatee. On the same date, the clerk granted Cuevas’s application for entry of default.
¶ 6. The Hillsborough County Circuit Court entered an order on April 12, 2001, finding that the Florida courts had jurisdiction for the administration of the decedent’s estate, as he was domiciled in Florida at the time of his death, and his bank accounts were located in Florida. The circuit court also granted letters of administration to Kelly. The Florida District Court of Appeals reversed the decision of the circuit court on March 29, 2004, holding that full faith and credit should be given to the judgment of the Hancock County Chancery Court.[1]
¶ 7. On April 6, 2004, Kelly made a special appearance in the Hancock County Chancery Court and filed a motion to dismiss the Hancock County probate action for lack of jurisdiction. On December 7, 2004, the chancery court denied Kelly’s *566 motion and granted Cuevas’s motion for judgment on the pleadings in accordance with Rule 12(c) of the Mississippi Rules of Civil Procedure. The chancery court determined that it had jurisdiction to probate the wills of nondomiciliaries provided that any of their real or personal property is located in Mississippi at the time of their death. Moreover, the court instructed that Mississippi Code Annotated § 91-7-33, which allows for probate in Mississippi when the will affects or disposes of “property within this state,” sets no requirements as to the value or amount of the property. The court concluded that the decedent could not have resided in Hancock County for thirty years without leaving behind some clothing or other personal items. Thus, the chancery court found that it had jurisdiction to probate the decedent’s will.
¶ 8. Aggrieved by the chancellor’s decision, Kelly appeals asserting the following: (1) whether it was pled as a basis for subject matter jurisdiction that the testator owned any property located in the State of Mississippi and whether there was any record evidence before the trial court to support such a finding; (2) whether the decree is void for failure to follow the mandates of § 91-7-33 of the Mississippi Code of 1972, and Rule 81 of the Mississippi Rules of Civil Procedure requiring Rule 81 process and an evidentiary hearing to probate the will in solemn form; and (3) whether Cuevas failed to sustain her burden of proving the decedent changed his domicile to Mississippi prior to his death and the decree was, therefore, void because there is no jurisdiction of the subject matter.
STANDARD OF REVIEW
¶ 9. This Court employs a limited standard of review when reviewing the decisions of a chancellor. McNeil v. Hester, 753 So.2d 1057, 1063(¶ 21) (Miss.2000) (citing Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997)). It is well settled that “the findings of a chancellor will not be disturbed on review unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard.” Id. Moreover, this Court will not overturn the chancellor’s decision unless it is shown that he was clearly and overtly wrong in his logic. Last Will and Testament of Winding v. Estate of Winding, 783 So.2d 707, 709(¶ 6) (Miss.2001).
ISSUES AND ANALYSIS
I. Whether it was pled as a basis for subject matter jurisdiction that the testator owned any property located in the State of Mississippi and whether there was any record evidence before the trial court to support such a finding.
¶ 10. Kelly argues that the trial court’s finding of jurisdiction should be set aside, as it was based on the presence of personal property owned by the decedent in Mississippi. The trial court’s judgment stated that it was appropriate to “infer with confidence that, after residing for thirty years in Hancock County, the testator had some property here, if only clothing and personal effects.” Kelly insists that the trial court’s conclusion was totally without basis in the pleadings or in the evidence. He notes that Cuevas failed to state in her pleadings that the decedent owned any property in Mississippi at the time of his death. Kelly further argues that even if the testator had some items of clothing and personal effects in Mississippi at the time of his death, there is no evidence in the record that these items of personal property were still in Mississippi at the time the probate petition was filed. According to Kelly, the only evidence of personal property owned by the decedent is *567 the portion of the will referring to a bank account located in Florida.
¶ 11. The will of a person who was domiciled outside the state of Mississippi at the time of his death, known as a foreign will, may be originally probated in Mississippi if the testator owned real or personal property located in Mississippi. Robert A. Weems, Wills and Administration of Estates in Mississippi, § 3:14 (3d ed.2003) (citing Bolton v. Barnett, 131 Miss. 802, 823, 95 So. 721, 725 (1923); Mississippi Code Annotated § 91-7-33). The chancery courts of Mississippi have full jurisdiction in “matters of testamentary and of administration.” Miss. Const. art. 6, § 159(c). The proper venue for probate of a will is the county where the testator had a fixed place of residence, or if no fixed place of residence, the county where land devised in the will was situated. Miss. Code Ann. § 91-7-1 (Rev.2004). If the testator had no fixed place of residence and devised only personalty in the will, then the proper venue is the county where the testator died, or where any of the personalty disposed of by the will is located. Id.
¶ 12. The will in the instant case states that the decedent bequeaths all of his property “real, personal, and mixed” to Cuevas. The chancery court determined that “it is impossible that [decedent] resided thirty years in Hancock County and died here — uncontested facts in this case— leaving no clothing or other personal items in Hancock County.” The chancellor’s logic is sound and sufficiently based on the facts. The will disposes of any personal property that belonged to the decedent. Furthermore, Mississippi Code Annotated § 91-7-33 places no requirements as to the value or amount of the property at issue. Thus, the chancellor’s finding of jurisdiction was not manifestly wrong or clearly erroneous. Consequently, we are affirming the judgment of the chancery court. However, we are also remanding for a specific finding of the personal property located in Mississippi.
¶ 13. Furthermore, it was not necessary for Cuevas to plead that the decedent owned personal property in Mississippi. Before an order or decree may be entered finding that the writing is the decedent’s last will, proof must be presented that the will was duly executed and that the decedent had testamentary capacity at that time. Weems, supra, § 7:7 (citing Moore v. Parks, 122 Miss. 301, 84 So. 230 (1920)). The testimony of a subscribing witness to an attested will may be used to prove testamentary capacity and due execution, so long as the will is not being contested. Id. (citing Miss.Code Ann. § 91-7-9). Cuevas attached the original will to the petition, as well as the affidavits of the two attesting witnesses stating that the decedent was of sound and disposing mind at the time he executed his will. Therefore, this issue is without merit.
¶ 14. As we find that the chancery court had jurisdiction over the probate of the decedent’s will in common form on the basis of personal property located in Mississippi, it is unnecessary to address the third issue Kelly raises, namely, the domicile of the decedent.
II. Whether the decree is void for failure to follow the mandates of § 91-7-33 of the Mississippi Code of 1972, and Rule 81 of the Mississippi Rules of Civil Procedure requiring Rule 81 process and an evidentiary hearing to probate the will in solemn form
¶ 15. Kelly argues that the trial court’s reliance on the proceeding to probate the will in solemn form is in error because no hearing was held and Kelly was never properly served with process under Rule *568 81 of the Mississippi Rules of Civil Procedure. The probate of a will in solemn form is a Rule 81 matter, requiring a Rule 81 summons. Kelly was served with a Rule 4 summons. Thus, the solemn form proceeding was defective.
¶ 16. Mississippi Code Annotated § 91-7-23 (Rev.2004) states that within two years of the probate of a will without notice, any interested person may contest the validity of the will. The statute further states that “if some person does not appear within two years to contest the will, the probate shall be final and forever binding.”[2] Id. To avoid the finality of the common form probate proceeding, Kelly asserts that the two-year period never began to run in this case. Citing Matter of Estate of McClerkin, 651 So.2d 1052 (Miss.1995), Kelly argues that it is error to rely on the probate in common form proceeding and the two-year statute of limitations for the contest of a will admitted to probated in common form.
¶ 17. In McClerkin, the executor filed a petition to probate the will in solemn form, after probating the will in common form. Id. The Mississippi Supreme Court held that the trial proceedings must be held in abeyance until all necessary parties were joined. Id. at 1053. However, the contestants of the will in McClerkin filed a caveat against probate in solemn form before the two-year period had run since the probate in common form. Id. The instant case differs significantly from McClerkin in that Kelly made no attempt to contest the will in the courts of Mississippi before the expiration of the two-year period. Thus, even though the solemn form probate decree is invalid due to the Rule 4 summons, the chancery court had jurisdiction over the common form probate proceeding and no caveat objecting to the probate was filed. Thus, the two-year limitations period for contesting a will admitted to probate in common form has passed, and the probate in common form is now “final and forever binding.”
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF HANCOCK COUNTY IS AFFIRMED AND REMANDED FOR A SPECIFIC FINDING OF THE PERSONAL PROPERTY LOCATED IN MISSISSIPPI. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ, BRIDGES, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN RESULT.

. On August 25, 2004, the Florida Supreme Court denied Kelly's petition for review and refused to entertain a motion for rehearing.

. There are two exceptions to the two-year limitation period, although neither is relevant in this case. The first exception gives minor and persons of unsound mind two years after the removal of their disabilities in which to contest the validity of a will. Miss.Code Ann. § 91-7-23 (Rev.2004). The second exception is for concealed fraud. Id.