# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-00122-COA

IN THE MATTER OF THE LAST WILL AND
TESTAMENT AND ESTATE OF ROBERT
WARREN WATKINS JR., DECEASED: DONNA
K. WATKINS

APPELLANT

v.

TERRANCE WATKINS AND JEREMY
DEMARRIO WATKINS

APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 01/07/2020 |
| TRIAL JUDGE: | HON. DENISE OWENS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KENYA REESE MARTIN |
| ATTORNEY FOR APPELLEES: | MARVIN LAWAYNE SANDERS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 03/23/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Following the death of their father, Robert Warren Watkins Jr., Jeremy D. Watkins

and Terrance[1] Watkins filed a "Petition for Probate of Will as Muniment of Title Only"

(petition) pursuant to "MISS CODE ANN Section 91-5-35 (Supp. 2018)."  The petition

related to real property that Robert devised to Jeremy and Terrance under his will.  Four days

---

[1] The first names "Terrance" and "Terrence" Watkins are used interchangeably in the
record.  We use the first name "Terrance" as reflected in the case caption and the appellees'
brief.

after Jeremy and Terrance filed their petition, the Hinds County Chancery Court entered a "Decree Admitting Will for Probate as Muniment of Title" (judgment).

¶2. Appellant Donna K. Watkins is Robert's widow and was his second wife (not Jeremy or Terrance's mother). Donna was also a beneficiary under Robert's will. She filed a motion to set aside the chancery court's judgment, claiming that it was invalid because it was based upon a petition that she did not sign or swear to, as required by Mississippi Code Annotated section 91-5-35 (Rev. 2018).

¶3. The chancery court denied Donna's motion, determining that the applicable statutory provision did not require Donna's sworn signature on the petition, and thus its judgment was valid. Donna appeals. For the reasons detailed below, we reverse the chancery court's judgment and remand this matter to the chancery court with instructions to enter an order dismissing this action without prejudice.

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

¶4. Robert owned real property located at 591 West Hill Drive, Jackson, Hinds County, Mississippi (the West Hill Drive property). Robert and Donna lived together in the home on that property. Robert died on August 27, 2019.

¶5. About six weeks before he died, on July 15, 2019, Robert conveyed the West Hill Drive property to himself and his two sons from his previous marriage, Jeremy and Terrance. The conveyance created a tenancy by the entirety with rights of survivorship, as follows:

> ROBERT WATKINS, JR. ("Grantor"), [does] hereby sell, convey, and quitclaim unto ROBERT WATKINS, JR. and JEREMY DE'MARRIO

2

WATKINS and TERRENCE [(sic)] LA'KEITH WATKINS AS TENANTS BY THE ENTIRETY WITH FULL RIGHTS OF SURVIVORSHIP AND NOT AS TENANTS IN COMMON ("Grantees") that certain real property . . . being described as:

> Lot Forty-Five (45), Westover Subdivision, Part 2, a subdivision according to the map or plat thereof on file and of records in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi, Plat Book 24 at Page 28 thereof[.]

The quitclaim deed was recorded in the chancery court land records on August 5, 2019.

¶6.     Robert executed his will at the same time he executed the quitclaim deed. In his will, Robert named Jeremy as his representative; devised certain personal property items to his wife, Donna; and devised his "residual estate" and any "other property" to Jeremy and Terrance, as follows:

> RESIDUAL ESTATE: I devise and bequeath one hundred (100%) percent [of] my property, both real and personal[,] wherever situated[,] . . . I may have in equal shares to the following two (2) Beneficiaries: my sons Jeremy De'Marrio Watkins and Terrence [(sic)] La'Keith Watkins.

> OTHER PROPERTY: If there is any other property not part of the Residual Estate and/or Personal and Real Property of this Last Will and Testament, all other property should be transferred in equal shares to the following two (2) Beneficiaries: my sons Jeremy De'Marrio Watkins and Terrence [(sic)] La'Keith Watkins.

¶7.     As the quoted language reflects, Robert did not specifically describe the West Hill Drive property or any other real property in paragraphs two or three of his will, nor did Robert specifically describe the West Hill Drive property or any other real property in any other paragraph of his will.

¶8.     On January 3, 2020, Jeremy and Terrance filed a petition in the chancery court seeking

3

to have their father's will "probate[d] as a muniment of title only pursuant to MISS CODE ANN Section 91-5-35 (Supp. 2018)." The petition was signed and sworn to by Jeremy and Terrance. It was not signed or sworn to by Donna.

¶9. Four days later, the chancery court entered its judgment admitting Robert's will to probate as a muniment of title. The quitclaim deed to the West Hill Drive property that was executed by Robert on July 15, 2019, and recorded on August 5, 2019, was attached as Exhibit "A" to the chancery court's judgment. The chancery court found that the West Hill Drive property, as described in Exhibit "A," was "the only property owned by the decedent that was situated in the First Judicial District of Hinds County, Mississippi," and that Jeremy and Terrance were the "sole beneficiaries" of the property devised under the will.

¶10. Donna filed a motion to set aside the decree on February 3, 2020, asserting that the decree was invalid because she was a beneficiary under the will and was also the decedent's spouse, but the petition did not have her sworn signature that she asserted was required by section 91-5-35(1). Donna asserted that section 91-5-35(1), as in effect when the petition was filed, required that a petition seeking to probate a will as a proof of title be "signed and sworn to by all beneficiaries named in the will, and the spouse of such deceased person if such spouse is not named as a beneficiary in the will[.]" Miss. Code Ann. § 91-5-35 (Rev. 2018).

¶11. Jeremy and Terrance responded to Donna's motion on February 7, 2020, asserting that section 91-5-35 had been amended by "H.B. 1375 . . . [effective] July 2019" and only

4

required that "[t]he petition shall be signed and sworn by the personal representative [of the decedent's estate], including (a) an executor . . . . If there is no other such executor, administrator . . . or other personal representative, then it shall be signed and sworn by the spouse of the decedent[.]" H.B. 1375, 2019 Reg. Sess. § 1 (Miss. 2019). Based upon this purported 2019 amendment, Jeremy and Terrance asserted that because the petition was signed and sworn to by Jeremy, who was appointed as the personal representative under Robert's will, Donna's sworn signature was not required on the petition. As such, Jeremy and Terrance asserted that the petition was not defective, and the chancery court's judgment was not invalid. In support of their position, Jeremy and Terrance attached the bill text of what appears to be the January 2019 version of House Bill 1375. The January 2019 version contained the proposed language amending section 91-5-35 that Jeremy and Terrance relied upon.

¶12. The chancery court denied Donna's motion on March 17, 2020. The chancellor acknowledged in her order that under the "former version" of section 91-5-35, the petition "would be deficient because it [was] not signed and sworn to by Donna, the spouse of the decedent." Relying on the January 2019 text of House Bill 1375, however, the chancellor determined that section 91-5-35 had been amended "in 2019" and allowed a muniment-of-title petition to be brought solely by an estate's personal representative. Accordingly, the chancellor found that the petition was not defective because it was signed by Jeremy, who was appointed the personal representative of the estate under Robert's will, and thus "the

subject judgment in this matter shall not be vacated." Donna appeals.

## STANDARD OF REVIEW

¶13.    This Court "will not disturb the factual findings of a chancellor when supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused [her] discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard." *Biglane v. Under The Hill Corp.*, 949 So. 2d 9, 13-14 (¶17) (Miss. 2007) (quoting *Cummings v. Benderman*, 681 So. 2d 97, 100 (Miss. 1996)).  Issues of law, on the other hand, are reviewed de novo.  *Id.* at 14 (¶17).

## DISCUSSION

¶14.    On appeal, Donna asserts that the quitclaim deed in which Robert conveyed the West Hill Drive property to himself and his two sons (Jeremy and Terrance) "as tenants by the entirety with full rights or survivorship and not as tenants in common" removed the West Hill Drive property from Robert's estate.  As such, Donna asserts that the subject property did not pass through Robert's estate, and thus the chancery court's judgment admitting Robert's will for probate as proof of title to the West Hill Drive property is a "legal nullity."

¶15.    Our review of the record reflects that Donna did not assert this argument in the chancery court as a ground for setting aside the chancery court's judgment, but we agree that the chancery court erred in entering its judgment admitting Robert's will for probate as proof of title to the West Hill Drive property.  We find that this is so, however, for a more fundamental reason:  Donna did not sign and swear to the petition that the judgment is based

6

upon. Donna, a beneficiary under Robert's will and Robert's spouse, was required to sign and swear to the petition under section 91-5-35 as in effect during the relevant time period.

¶16. In particular, the record reflects that Jeremy and Terrance filed their muniment-of-title petition on January 3, 2020; the chancery court's order was entered on January 7, 2020; and the order denying Donna's motion to set aside the judgment was entered on March 17, 2020. The relevant time period is therefore January through March 2020. Section 91-5-35(1), as in effect during this time period, provided:

> When a person dies testate owning at the time of death real property in the State of Mississippi and his will purports to devise such realty, then said will may be admitted to probate, as a muniment of title only, *by petition signed and sworn to by all beneficiaries named in the will, and the spouse of such deceased person if such spouse is not named as a beneficiary in the will*, without the necessity of administration or the appointment of an executor or administrator with the will annexed[.]

Miss. Code Ann. § 91-5-35(1) (Rev. 2018) (emphasis added). Section 91-5-35 was amended *effective July 1, 2020*, as follows:

> *The petition shall be signed and sworn by the personal representative, including (a) an executor, (b) an administrator with the will annexed*, or (c) other personal representative serving in a foreign jurisdiction. If there is no such serving executor, administrator with the will annexed, or other personal representative, then it shall be signed and sworn by (i) the spouse of the decedent, if then living, and (ii) the devisees of the Mississippi real property, whether specific or residuary, but excluding persons holding mere contingent remainder interests in the real property.

Miss. Code Ann. § 91-5-35(2) (Supp. 2020) (emphasis added). This amendment was not in effect during the relevant time period (January–March 2020).

¶17. Our review of the record reveals the apparent confusion about the applicable statutory

7

language in the chancery court. Jeremy and Terrance —and the chancery court— relied upon the January 2019 version of House Bill 1375 that was attached to Jeremy and Terrance's response to Donna's motion to set aside the chancery court's judgment. The January 2019 version of House Bill 1375 did contain the amendatory language at issue in this case. House Bill 1375, *as enacted on April 16, 2019*, however, did not contain *any* amendments to section 91-5-35. *See* 2019 Miss. Laws ch. 458 (H.B. 1375) (effective July 1, 2019). Section 91-5-35 was ultimately amended by another law, 2020 Miss. Laws ch. 343, § 2 (S.B. 2850) (effective July 1, 2020).

¶18. In short, Jeremy and Terrance's muniment-of-title petition was defective under these circumstances and the applicable law because it did not contain Donna's sworn signature. The chancery court, therefore, lacked subject matter jurisdiction over the action because all necessary parties were not before it. Its judgment, therefore, must be reversed. *See Padron v. Martell (In re Estate of McClerkin)*, 651 So. 2d 1052, 1059-60 (Miss. 1995) ("The chancery court did not have jurisdiction to hear the case [because] the interested and necessary parties . . . were not timely noticed and properly joined in the lawsuit . . . . The decision of the chancery court must be reversed.").

¶19. Jeremy and Terrance assert that in her appellant's brief, Donna states that she "recognizes the change" in section 91-5-35 that allows a muniment-of-title petition to be brought solely by an estate's personal representative, and thus she does not elaborate on this ground as a basis for reversal on appeal. As we recognized above, however, Donna did raise

8

this issue before the chancery court. More importantly, because this is a jurisdictional issue, we may address it sua sponte. *Davis v. City of Jackson*, 240 So. 3d 381, 383 (¶9) (Miss. 2018) (recognizing, in the context of standing, that jurisdictional issues "may be raised by the Court sua sponte"); *Powell v. Evans*, 113 So. 3d 1270, 1275 (¶22) (Miss. Ct. App. 2013) (recognizing that "the joinder of necessary parties . . . can be raised for the first time on appeal, *or even noticed by the reviewing court sua sponte*" (emphasis added)). Accordingly, we find no merit in Jeremy and Terrance's contention on this point.

¶20. For the reasons stated, we reverse and remand this matter to the Hinds County Chancery Court with instructions to enter an order dismissing this action without prejudice. *See Jackson v. Bell*, 123 So. 3d 436, 441 (¶14) (Miss. 2013) (determining that a trial court erred in "dismissing [the] action with prejudice for the nonmerits issue of lack of jurisdiction[,]" and remanding the matter to the trial court with instructions to dismiss the action without prejudice).

¶21. **REVERSED AND REMANDED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**