881 So.2d 257 (2003)
In the Matter of the ESTATE of Ezell "Boggie" a/k/a "Boogie" THOMAS, Deceased.
Sharon Haley, Jannie Collins, Derick Thomas, Eric Thomas, Timothy Thomas, Lynn Vallian, Dezie Haley, Gayle Haley, Demetria Murry, Jimmy Dale Dixon, Ray Joseph Fountain, Delanious Grinnell and Marion Oliver, Appellants,
v.
Glenda Joyce Thomas, Administrator, Appellee.
No. 2002-CA-01230-COA.
Court of Appeals of Mississippi.
October 28, 2003.
Rehearing Denied February 3, 2004.
Kevin Dwight Muhammad, attorney for appellant.
Christopher E. Fitzgerald, and Robert A. Pritchard, Pascagoula, attorneys for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
BRIDGES, J., for the Court.
¶ 1. The chancellor of Jefferson County found the illegitimate children of Ezell Thomas, Natasha Motley and Donnie Howard, to be his heirs at law. From that determination the appellants, the nieces and nephews of the decedent, appeal to this Court. The issues are stated verbatim.

*258 STATEMENT OF THE ISSUES

I. DID THE CHANCELLOR ERR IN NOT UPHOLDING THE APPROPRIATE STATUTE OF LIMITATIONS AGAINST THE ILLEGITIMATE HEIRS?

II. DID THE CHANCELLOR ERR IN DETERMINING THAT THE APPELLANTS WERE NOT LEGITIMATE HEIRS?

FACTS
¶ 2. The many filings in the record have conflicting names for several of the parties mentioned throughout. A diligent inspection of the record by the Court has resulted in an attempt to correctly identify all parties involved. The names used by the chancellor in his final judgment will be used in this opinion; however, initially the various other names will follow as an "a.k.a."
¶ 3. On August 27, 1997, Ezell "Boggie" Thomas died intestate as a resident of Jefferson County, Mississippi. His estate consisted solely of claims for unliquidated damages against R.J. Reynolds Tobacco Co. and others. Suits remain pending along with a wrongful death claim by his beneficiaries at the time these issues were brought up on appeal. On November 10, 1997, Glenda Joyce Thomas, the decedent's sister, filed a petition to administer the estate. Ms. Thomas named the following as surviving heirs of the estate: Dezie Lee Thomas (a.k.a. Marie Thomas), his mother; Natasha Gail Motley, an illegitimate daughter; Glenda Joyce Thomas, a sister; Elisha Clark, a sister; Louise Griffin (a.k.a. Louis Griffin), a sister (brother); Mamie Lee Fountain (a.k.a. Mamie Thomas and Marie Thomas), a half-sister; and Marion Lee Thomas (a.k.a. Marion Lee Fountain), a brother. Letters of administration were issued on that date and notice to creditors was filed three days later.
¶ 4. The estate lay dormant until August 6, 2001, when Ms. Thomas filed a petition to distribute funds. The funds were to be divided equally between his three living sisters and his daughter. The decedent's mother, half-sister and brother who were listed as heirs died while the estate lay dormant. Half-sister, Mamie Lee Fountain, at her death left four children: Jannie Collins, Jimmie Dale Dixon, Ray Joseph Fountain and Delanious Graynell. Brother, Marion Lee Thomas, died leaving nine children: Sharon Haley, Derek Thomas, Eric Thomas, Timothy Thomas, Lynn Vallian, Dezie Haley, Gayle Haley, Demetria Murry and Marion Oliver.
¶ 5. Later that year R.J. Reynolds filed a petition to remove Ms. Thomas as administratrix and requested a suit to determine heirs. The petition to remove Ms. Thomas was denied and in January 2002, Ms. Thomas began at the court's instruction the suit to determine heirs. Notice to necessary parties was filed on February 14th of that year. Ms. Thomas had not previously notified the decedent's daughter, Natasha Motley, of the administration of her father's estate and had also failed to discover the existence of a second illegitimate child, Donnie Howard (a.k.a. Donnie Thomas). Donnie's existence was known by Natasha Motley and by many of the decedent's siblings, nieces and nephews.
¶ 6. It was established at trial that the decedent never married the mother of Natasha Motley but lived with her for about ten years beginning in the early 1970s in Texas. Natasha was born out of this relationship and always referred to the decedent as "daddy." The decedent at all times acknowledged her as his daughter, even after he left Texas, though he did not provide support and they rarely saw each other. Other relatives introduced Natasha as the decedent's daughter during his final hospital visit and it was at this time Ms. *259 Thomas learned of Natasha. Because of this meeting, Ms. Thomas named Natasha as an heir in the initial filing.
¶ 7. The decedent never acknowledged to Ms. Thomas that he had a son, Donnie. However, testimony established that if she had contacted Natasha she could have easily discovered the existence of a second child fathered by the decedent. Donnie Howard was the result of a relationship begun in 1967 and continued until the late 1970s while the decedent lived in Houston, Texas. Donnie testified that even though there was no contact between him and his father once his father left Texas he had always known the decedent as his father from the little contact they had while the decedent still lived in Texas. Donnie testified that he had a close relationship with one of the decedent's sisters and recognized the decedent's nieces and nephews as his cousins all his life.
¶ 8. Natasha Motley and Donnie Howard did not begin their adjudication of paternity until after notice was given of the suit to determine heirs following the January 2002 hearing. Also, at that time the children of Mamie Lee Fountain and Marion Lee Thomas petitioned the court to determine the heirs at law in the hope that they could take their parents' share of the estate.

ANALYSIS

I. HAD THE STATUTE OF LIMITATIONS LAPSED FOR THE DECEDENT'S ILLEGITIMATE CHILDREN?
¶ 9. Sharon Haley and the other appellants assert that the failure of the illegitimate children of the decedent to file a petition for paternity within the one year statute of limitations bars their ability to inherit through him. However, Ms. Thomas, as administratrix, defends the trial court's decision that failure to provide Natasha Motley with actual notice and failure to diligently discover the existence of potential heirs effectively tolls the running of the statute of limitations; therefore, Natasha Motley and Donnie Howard are not procedurally barred from filing a petition to determine paternity.
¶ 10. Relevant Mississippi code sections provide in part:
Illegitimacy Statute
(3) An illegitimate shall inherit from and through the illegitimate's natural father and his kindred, ... if:
(b) There has been an adjudication of paternity or legitimacy before the death of the intestate; or
(c) There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under sections 91-1-27 and 91-1-29. However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child.
Miss.Code Ann. § 91-1-15 (Rev.1994) (emphasis added).
Determining heirs at law
All the heirs at law and next of kin of said deceased who are not made parties plaintiff to the action shall be cited to appear and answer the same....
Miss.Code Ann. § 91-1-29 (Rev.1994).
¶ 11. Under Mississippi Code Annotated § 91-7-293 (Rev.1994), Ms. Thomas, as administratrix, had a duty to use all reasonable diligence to ascertain the identity of all potential heirs for her final account of heirs, devisees and legatees of the estate. *260 Estate of King I, 501 So.2d 1120, 1123 (Miss.1987). It is established that had Ms. Thomas either contacted Natasha Motley or questioned some of the decedent's nieces and nephews she could have easily discovered the existence of Donnie Howard. Therefore, it can be assumed all reasonable diligence was not used but this failure by the administratrix is a breach not addressed in this suit.
¶ 12. In this case the issue at bar is whether or not there is an affirmative duty for the administratrix to provide actual notice to the potential heirs of the estate and whether that failure to provide notice tolls the running of the one year statute of limitations. Mississippi Code Annotated § 91-1-15 provides that in suits to determine heirship either a one year or a ninety-day statute of limitations will apply and this time bar runs independently from the administration of the estate. In instances like the present case where the suit to determine heirship was begun more than one year past the death of the decedent the potential heirs will not have the benefit of either the one year or ninety-day statute of limitations.
¶ 13. This Court interpreted the notice requirement for the ninety-day statute in the case of In re Estate of Brewer, 755 So.2d 1108(¶ 21) (Miss.Ct.App.1999) and relied upon the findings in Leflore By and Through Primer v. Coleman, 521 So.2d 863, 868 (Miss.1988). Leflore found that "the administratrix, because of her knowledge of these children's status as potential heirs, `should have complied with Miss.Code Ann. § 91-1-29 and had process issued upon [them].'" Id. Also that "`[s]ince the administratrix knew of these illegitimate children, she should have given them notice of the issuance of letters of administration,' and [this Court] refused to bar the children's right to seek to share in their putative father's estate." Id.
¶ 14. Therefore in Leflore, the ninety-day statute of limitations was held inapplicable when the administrator deliberately failed to attempt to bring all potential heirs into court. Leflore by and Through Primer, 521 So.2d at 868 (Miss.1988). The court reasoned that since the administrator knew of the existence of the potential illegitimate children and even listed them as such with previous estate filings that the administrator was also under a duty to provide them with actual notice. Id. at 868-69. Similarly in Smith, the administrator's intentional concealment of a potential heir in an attempt to benefit herself was held a fraud upon the court. Smith, By and Through Young v. Estate of King, 579 So.2d 1250, 1253 (Miss.1991). This fraud effectively tolled the ninety-day statute of limitations for the publication of notice to creditors because of the administrator's failure to provide the potential heir with actual notice. Id. at 1254. The supreme court reasoned that allowing an administrator to personally benefit from failing to notify potential heirs of a shorter statute of limitations would go against public policy and encourage administrators not to notify potential heirs. Id.
¶ 15. However, in both Leflore and King, the potential heir did file suit to establish paternity within one year of the death of the decedent. In both cases it was the reduction of the statute of limitations from one year to ninety-days that required actual notice. Leflore held that the ninety-day statute would be upheld against a wholly unknown heir but not against a known heir concealed from the administration of the estate. Leflore, 521 So.2d at 868. In neither case did the court set aside the one year statute of limitations because of the administrator's failure to provide actual notice. Therefore, there is no statutory protection for potential heirs beyond the one year statute of limitations regardless of whether or not the administration of the estate has begun.
*261 ¶ 16. Following court precedent, we find that the statute of limitations prohibiting suits to determine heirs more than one year beyond the death of the decedent cannot be tolled. Natasha and Donnie's claim that the administratrix's failure to provide them with actual notice tolled the running of the one year statute of limitations cannot be supported and they are barred from recovery under the decedent's estate.

II. ARE THE APPELLANTS LEGITIMATE HEIRS?
¶ 17. The above finding that the appellants failed to file their suit to determine legitimacy within the statute of limitations makes any consideration of whether or not the appellants are legitimate heirs moot. The heirs of the estate will be determined by the Mississippi laws of intestate succession, Mississippi Code Annotated sections 91-1-3 and 91-1-11 (Rev.1994). Following those statutes and since Mr. Thomas died leaving no interest in land, his estate consists solely of personal property to be distributed in the same manner as real estate descends. Under Mississippi Code Annotated section 91-1-3, having no spouse or children, the heirs at law of Mr. Thomas are his brother, sisters and mother and descendants of his deceased brother and sister in equal parts.
¶ 18. THE JUDGMENT OF THE JEFFERSON COUNTY CHANCERY COURT IS REVERSED AND RENDERED. COSTS ARE TAXED AGAINST THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.